## M. J. HALL v. A. E. DOTSON.

(Case No. 992.)

1. DEED — MARRIED WOMAN'S POWER TO INCUMBER SEPARATE ESTATE.— The wife, when joined by her husband, may, without consideration accruing to her own benefit, secure the debt of a third party by deed of trust on her separate property, if it be made and acknowledged in the manner prescribed by the statute for the conveyance of her separate estate.

APPEAL from Marion. Tried below before the Hon. B. T. Estes.

[No statement is necessary to a proper understanding of the opinion.]

*James Turner*, for appellant.

*Hec McKoy* and *Reaves & Dodd*, for appellee.

I. Under our system of laws a married woman cannot by mortgage or deed of trust bind her separate estate for the debt of a stranger. It is contrary to the policy of our laws to permit a married woman to bind her separate estate as surety to a stranger or otherwise, except in so far as may be necessary for her own support and maintenance. Magee *v.* White, 23 Tex., 180.

II. While it has always been the policy of our laws to permit a married woman, separate from her husband, and while dependent upon her own resources to make a support, to charge her separate estate, the courts will not extend the rule to uphold an incumbrance made for the benefit of strangers or third persons, for whom she is in no way bound to contribute.

III. The estate of Mrs. Dotson in the land sued for was a statutory estate, and that it was not the purpose or object of our laws regulating the forms of conveyance by which married women might convey or charge their separate estate, to repeal or modify the rule that they cannot become surety to answer for the debt of strangers.

IV. While the relation of husband and wife existed between appellee and her husband, notwithstanding the husband's abandonment of her, she labored under the disability of "coverture," and could not by deed of trust bind her separate estate for the debt of another.

BONNER, ASSOCIATE JUSTICE.— The material question in this case is this: Could Mrs. Dotson, joined by her husband, without consideration accruing to her own benefit, secure the debt of Smith, a third party, by deed of trust upon her separate property, duly made and acknowledged

in the form prescribed by statute for the conveyance of such property?

Our constitution and statutes permit married women to take and hold property, both real and personal, in their separate right, but give to the husband the sole management of such property.

So far as the record shows, the separate property of the wife which was the subject-matter of the mortgage in this case, was not one created by contract, but her ordinary statutory estate; and her power over it was not, as is often the case in other courts, subject to restrictions contained in deeds of settlement and other like instruments creating estates limited to the sole and separate use of married women.

To the extent, then, that these statutes and the construction given them by this court either expressly or by necessary implication define the respective powers of the husband and wife over her separate property, we must look to them, and not to either the common law or equity systems, further than they may serve to illustrate a question of doubtful construction. Magee v. White, 23 Tex., 180.

Under our statute, the husband and wife may be jointly sued for all debts contracted by the wife for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property. Pasch. Dig., art. 4643; R. S., arts. 1205, 2854.

Under this it has been repeatedly decided that the wife, as to the character of indebtedness defined by the statute, may by simple contract even, in which her privy examination is not necessary, create a charge upon her separate estate. Magee v. White, 23 Tex., 180, in which several of the cases are reviewed.

No other power is, in express terms, given to the wife to contract debts. Does she have it by implication?

To properly determine this, we will advert very briefly to the common law and equity doctrine upon this question.

Upon the common law principle, that during coverture the legal existence of the wife, including the right to take and hold property, is suspended or merged into that of the husband, is founded the doctrine of her incapacity to contract either with third parties or her husband. To this general incapacity would, as regards the husband, be added the further disability arising from a presumed undue influence or coercion exercised by him over her.

The general doctrine, however, of courts of equity is, that a married woman, as to her separate estate, is considered a *feme sole*, and that although, as at common law, she cannot bind her person by contract, yet her separate property should be held liable to her engagements, in the nature of a proceeding *in rem*. Hulme *v.* Tenant, 1 Bro. C. C., 16, and elaborate and exhaustive notes upon this case, in vol. 1, part 2 (4th ed.), Wh. & Tud. L. C., 679; Murry *v.* Barbee, 3 Myl. & K., 209; Owen *v.* Dickenson, Cr. & Phil., 48.

A great number of decisions have been made by courts of equity upon the questions as to the *power* of the wife to charge her separate estate and the *mode* by which this could be done. One line of decisions known as the English rule, and which has been followed by some of the American cases, of which the opinion of Chancellor Kent in the case of the Methodist Episcopal Church *v.* Jaques, 3 Johns. Ch., 77, and that of Gibson, C. J., in Thomas *v.* Folwell, 2 Whart., 11, 16, may be considered exponents, is that the wife has no power to charge her separate estate except that which is positively given or reserved to her.

The other line of decisions constituting the greater weight of American cases, of which the opinions of Spencer, C. J., and Platt, J., in Jaques *v.* The Methodist Episcopal Church, 17 Johns., 548 (overruling the previous

decision of Chancellor Kent in the same case), are examples, is that a married woman, as respects her separate estate, is to be regarded as a *feme sole* with all the powers which belong to such person, except so far as restrained by the instrument creating the estate.

The tendency of our decisions is to conform to the latter rule.

By our statute in force when this deed of trust was made, defining the mode of conveying property in which the wife has an interest, she can, when joined by her husband, as in the present case, by deed or other writing purporting to be a conveyance, and to which her privy acknowledgment has been taken in the mode therein prescribed, convey "any estate or interest" in her separate property. Pasch. Dig., art. 1003.

In Jordan *v.* Peak, 38 Tex., 429, it was decided that a deed of trust upon the homestead in which the wife had an interest, executed by the husband and wife to secure the debt of the husband, came within the meaning of the above statute.

It has been repeatedly decided that under this power of alienation the wife may by mortgage or deed of trust, duly executed and acknowledged under the statute, bind her separate property as security for the debt of the husband. Hollis *v.* Francois, 5 Tex., 195; Shelly *v.* Burtis, 18 Tex., 644; Wiley *v.* Prince, 21 Tex., 637; Rhodes *v.* Gibbs, 39 Tex., 446.

In the above case of Hollis *v.* Francois, it was said that it could not be doubted on principle, and seems to be equally well settled on authority, that the power to convey included the lesser power to incumber. This is said by Mr. Bishop to be the universal American doctrine. 1 Bish. on Married Women, § 870. And in the above case of Wiley *v.* Prince, it was said to be immaterial that the consideration was not for the benefit of the wife.

If she can then incumber her separate property to se-

cure the debt of the husband, under whose influence she is presumed to be, she can by his joint act, as in this case, by deed of trust duly executed and acknowledged, also incumber it for the benefit of a third party.

This is said by the learned annotators in White & Tudor's Leading Cases in Equity, vol. 1, part 2 (4th ed.), 764, to be generally conceded. To the same effect is 1 Jones on Mortgages, § 113, and in which it is added, that "Whatever conflict there may be in the authorities as to the ability of a wife to charge herself personally for any debts not contracted for her own benefit, there is a general unanimity in holding that a mortgage upon her property may be enforced against that, whether made for her benefit or not."

In the case of Stephen v. Beall, it is said by the supreme court of the United States, that "As to a wife's individual property generally, it is well settled that she may, by joining in a deed with her husband, convey any interest she has in real estate. Such a deed conveys the interest of both." That "The doctrine that a married woman has the power to charge her separate estate with the payment of her husband's debts, or any other debt contracted by her as a principal or as a surety, has been uniformly sustained for a long period of time." 22 Wallace, 338, citing authorities in notes.

To the effect that the power of the wife to alienate includes that to mortgage for the benefit of another person beside her husband, and that it was immaterial that the wife had no interest in the debt which was thus secured, the case of Bartlett v. Bartlett, 4 Allen, 440, will be found very much in point.

It may be added that the debt for which the deed of trust was given in Jordan v. Peak, 38 Tex., 429, was a partnership debt of the husband and a third party, and, though the property was not shown to be the separate estate of the wife, the case is analogous in principle to the one now before the court.

Tested by the above authorities, the learned judge below erred in his conclusion that the deed of trust, for the reasons stated by him, was not binding on Mrs. Dotson, for which error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 20, 1881.]