W. A. ATKINSON ET AL. v. JOHN R. WARD ET AL.

(Case No. 1727.)

1. LOCATION — WITHDRAWAL OF FIELD NOTES — CONSTITUTION CONSTRUED.— Land was patented in 1877 on a location made in 1876, which had been located by one under whom defendant claimed, in 1853, but the field notes of the survey of 1853 were withdrawn from the general land office by one who was not shown by the evidence to have had any interest in the location in 1872, and were never returned. *Held:*

(1) There was no error in a charge of the court instructing the jury that the patent showed a valid title to the land, if the jury should find that the plaintiffs were heirs of the patentee.

(2) The withdrawal of the field notes of the survey under the first location and failure to return them worked its forfeiture, and of all rights under it, under the act of April 25, 1871 (Pasch. Dig., art. 7098), and this without the authority being shown of the one who withdrew the field notes. The authority will be presumed.

(3) Snider *v.* I. & G. N. R. Co., 52 Tex., 318, discussed.

(4) The inhibition contained in sec. 2 of art. XIV of the constitution of 1876, prohibiting locations on land titled or equitably owned, has no application. That clause has no application to such claim of title as the statute had denounced as void.

APPEAL from Gonzales. Tried below before the Hon. Everett Lewis.

Appellees brought trespass to try title against appellants. Suit filed on the 31st of August, 1877.

Appellees claimed title to the land sued for through a survey made on the 23d day of October, 1876, by virtue of bounty certificate No. $\frac{22}{5}$, issued for unlocated balance of bounty certificate No. $\frac{30}{85}$, issued to William Brander, and a patent based thereon to the heirs of William Brander, dated January 16, 1877.

The defendants claimed title to the land by virtue of a location made by F. Chenault on the 15th day of January, 1853, by virtue of the Stephen Hicks certificate, and duly recorded deeds from Chenault down to defendants, and continuous possession and payment of taxes by defendants from 1853 to the time of the trial. No patent had issued upon the survey by Chenault, and it was proved that on the 1st day of September, 1872, Spence & McGill withdrew the field notes, and they were never returned to the land office.

The court instructed the jury, in substance, that they must find for the plaintiffs. There was a verdict and judgment for the land in favor of plaintiffs, and a statutory decree settling the equities of the parties in reference to rents and improvements. Defendants moved for a new trial, which being overruled, they gave notice of an appeal, and assign eleven errors.

The main question in the case is presented by the appellants in their third assignment of errors, which is as follows:

3. " The court erred in the instructions given to the jury, in that it charged the jury 'that the patent read in evidence by the plaintiffs showed a valid legal title to the land sued for in plaintiffs, if the jury believe, from the evidence, that plaintiffs were the legal heirs of William Brander,' when there was evidence showing that plaintiffs' location and survey were made in violation of the constitution, which prohibited a location upon land already occupied by another, and in violation of the law which required a declaration of forfeiture of defendants' prior location and survey, and notice to defendants of such forfeiture, before a subsequent location could be made, and thereby proving that the patent under which plaintiffs claimed was void."

*Miller & Sayers*, for appellants, cited: Pasch. Dig., arts. 5303, 7088, 7089, 7096, 7097; Wyllie *v.* Wynne, 26 Tex., 42; House *v.* Talbot, 51 Tex., 462; 30 Tex., 644; 14 Tex., 278, 285; Cox *v.* Bray, 28

Tex., 247; Snider *v.* I. & G. N. R. R. Co., 52 Tex., 306; art. 14, sec. 2, Const. of 1876; Truehart *v.* Babcock, 51 Tex., 169; Sherwood *v.* Fleming, 25 Tex. Sup., 408; Kimmell *et als. v.* Wheeler, 22 Tex., 77; Stoddard *v.* Chambers, 2 How., 284; Mills *v.* Stoddard, 8 How., 345.

*Harwood & Winston,* for appellee, cited: Shields *v.* Hunt, 45 Tex., 424; Johnson *v.* Timmons, 50 Tex., 521; Johnson *v.* Eldridge, 49 Tex., 508.

WALKER, P. J. COM. APP.— In a conflict of title arising out of two independent files and surveys upon the same land by virtue of different certificates or land claims, a patent issued to one of the claimants carries with it a *prima facie* right to the land in favor of the patentee, and it devolves upon the contestant of such right, claiming under the other file and survey, in order to rebut that presumption, that he shall clearly establish a prior or superior equitable right.   Johnson *v.* Eldridge, 49 Tex., 507; Clements *v.* Eggleston, vol. 5, Law Journal, p. 19 (decided by Commissioners of Appeals).

The plaintiff having introduced in evidence the patent to make out a case which *prima facie* entitled him to recover, it remained necessary only to connect himself with it as the legal or equitable owner of the land, and this he did do.

It follows from the foregoing statement of the *status* of the plaintiff's case as presented under his evidence, that the court properly charged the jury, in effect, to find their verdict for the plaintiff, if such evidence as this was before them, unless it shall appear that the defendants' evidence is such as from which the jury would have been warranted in finding that the file and survey made for Chenault under the Stephen Hicks certificate was not forfeited nor abandoned at the time when the land was surveyed (23d day of October, 1876), by virtue of the land certificate under which the plaintiff claims by patent.   If, under the evidence, the jury could not have found, consistently with the law of the case, any other verdict than one in favor of the plaintiff, and that, if they had found otherwise, the verdict would have been so clearly wrong that a judgment based upon it for that reason alone ought to be reversed, the rule applicable to the charge of the court is that its erroneousness, not operating to the defendants' injury, cannot constitute a sufficient ground for reversing the judgment.   Gaston *v.* Dashiell, 55 Tex., 520; G., H. & S. A. R. Co. *v.* Delahunty, 53 Tex., 212.

We do not mean to imply that the correctness of the judge's charge complained of in the third assignment of error requires the support of the rule above quoted; we think the charge was wholly correct in its application to the facts; and that there was no evidence before the jury which tended so far to impeach the validity of the plaintiff's right under the patent as to involve the necessity of weighing the evidence of the defendants.

The evidence showed beyond dispute that, *prima facie*, the survey under which the defendants claimed was forfeited and became null and void under article 7098, Pasch. Dig. The article referred to is the third section of "An act supplemental to an act in relation to the location, survey and return of genuine land certificates," passed April 25, 1871, and reads as follows: "In all cases when the field notes of surveys of land heretofore made have been from any cause withdrawn from the general land office, the same shall be returned to said office within twelve months after the passage of this act, or such survey or surveys shall be null and void. And in all cases when field notes shall hereafter be withdrawn from the general land office, the same shall be returned thereto within twelve months from the date of withdrawal, or such survey or surveys shall be null and void."

The uncontradicted and unquestioned testimony of the commissioner of the general land office showed that Spence and McGill, on the 1st day of September, 1872, withdrew the field notes of the survey made for Chenault, under which the defendants claimed title, and that they were never returned. The commissioner testified that it is shown by an indorsement on the file wrapper that the field notes were delivered to Spence and McGill "to have them recorded." It appears in evidence that the field notes had not been recorded before their transmission to the general land office, as required by law, in the office of the county surveyor of Gonzales county, and that that fact constituted one of the grounds for not patenting the survey made under the Hicks certificate. The burden was clearly upon the defendants to negative, if they could, the inference that arises under the facts that Spence and McGill withdrew the field notes under the authority and with the consent of the defendants or of their grantors. The circumstances, so far as they are developed by the evidence, are consistent with that supposition, and there is no evidence which suggests the idea that the withdrawal was effected by unauthorized persons, or for purposes inimical or adverse to the interests of the defendants; and if such were true, the *onus* was upon the defendants to show that fact, if, indeed, such unau-

thorized act by a stranger would have the effect to protect the land from location by another, long after the expiration of the twelve months limited by the law for the return of the field notes.

In the case of Snider v. I. & G. N. R. Co., 52 Tex., 318, a query is suggested whether the unexplained disappearance of field notes from the general land office would, under a statute which denounced a forfeiture of rights upon their disappearance and a failure to return them, have such effect upon one who had acquired a right under them, and had no knowledge of or agency in their disappearance.

.The brief of the appellant's counsel refers us to that case, but we do not think that the question involved in the *quere* made in the opinion requires of us its solution. If it did do so, however, we would at least hesitate to intimate an opinion that even a party thus innocent and unfortunately circumstanced, by a transaction in which blame did not attach to him by occasion of such disappearance of the evidence of his right from the proper place of its repository, could safely repose in security without using reasonable diligence to follow up his incipient title with due application to the general land office for the issuance of his patent; and failing to do so, that after the lapse of a reasonable period of time, he would not be preferred in right as against another who in good faith, and without notice, should have located upon land which was apparently vacated by a prior locator. But we do not mean here, unnecessarily, to complicate the merits of this case with the expression of a positive opinion on the question referred to.

It would have been in violation of the plain duty of the officers of the general land office to permit a person unauthorized by the owners of the survey and field notes on file in the general land office to withdraw them from the files; and the maxim of the law, "all things are presumed to be correctly and solemnly done," has application here. Held in Titus v. Kimbro, 8 Tex., 210, that "where a state officer does an act which would be a violation of his duty unless certain terms or conditions had been first performed by an individual, such performance will be deemed, *prima facie*, between the individual and the state, to have taken place." See Houston v. Perry, 3 Tex., 390; Portis v. Hill, 30 Tex., 529.

The evidence went to establish a forfeiture of right to the survey made under the Hicks certificate, and there was none which tended to rebut the legal effect of the patent. But it is insisted under the third ground assigned as error, that the location and survey patented to the heirs of William Brander was made in violation of

the constitution, which prohibited a location upon land already occupied by another, and in violation of the law which required a declaration of forfeiture of defendants' prior location and survey, and notice to defendants of such forfeiture, before a subsequent location could be made, and that the patent was therefore void.

In support of these propositions, appellants rely upon section 2, article XIV, constitution of 1876, and articles 7088, 7091, Pasch. Dig.

It is provided, among other things, by sec. 2, art. XIV, of the constitution, "that all genuine land certificates heretofore or hereafter issued shall be located, surveyed or patented only upon vacant and unappropriated public domain, and not upon any land titled or equitably owned under color of title from the sovereignty of the state, evidence of the appropriation of which is on the county records or in the general land office; or when the appropriation is evidenced by the occupation of the owner, or of some person holding for him."

We think that the inhibition against locating or surveying of titled land, or land equitably owned under color of title from the sovereignty of the state, was not intended to apply to such titles, or appearances of title, from the state, as the statute denounced in terms as null and void; rights to land which were once inchoate and apparently valid titles, but which have been forfeited.

Such titles to land as the defendants claim under are not within the protection of the section quoted from of the constitution. The constitution meant to protect against location and survey, titles which are colorably valid grants or titles from the state; but not to shield those who claim title under such facts as the state denounces as sufficient to vacate a previous appropriation of vacant public domain, and to annul whatever right may have been antecedently acquired. See Bryan v. Crump, 55 Tex., 11.

It is not deemed necessary to notice the ground relating to the requirement to give notice to defendants of forfeiture of location and survey. Clearly this case does not come within the terms of the statute relied on. It is not perceived that the purpose of the laws referred to was to require the commissioner of the general land office to give notice to locators or their assignees, or to those occupying and claiming public land by virtue of locations and surveys, that they, or any of such, had forfeited their rights under them by reason of their derelictions in complying with the requirements of the statutes regulating their failures to return the field notes of surveys to the general land office, or the withdrawal from and failure to return the same to the general land office. It is not

deemed essential to the merits of this question to discuss or construe the statutes referred to further; it is sufficient, we think, that they have no proper application to the facts of this case.

From a sufficient consideration of all the grounds assigned as error, we conclude that there was no error for which the judgment ought to be reversed, and that it therefore should be affirmed.

AFFIRMED.

[Opinion adopted March 17, 1884.]