### TYGART et al. v. HULSHIZER.
### (No. 6607.)

(Court of Civil Appeals of Texas. San Antonia. Nov. 2, 1921. Rehearing Denied Nov. 30, 1921.)

1. **Husband and wife ⬸171(1), 239—No personal judgment against married woman on note, but against property pledged.**

No personal judgment can be taken against a married woman on a note signed by herself and husband, but she may pledge her separate property as security therefor.

2. **Husband and wife ⬸268(3)—Husband liable on note signed by wife.**

Where wife gave note as purchase price of a tract of land, and a deed of trust was given on other land forming part of her separate estate, the husband who signed the note with her may not be heard to say that it was without consideration and that he was only a surety and not personally liable.

3. **Husband and wife ⬸264 — Land purchased prima facie community property.**

Land purchased during marriage relation is prima facie community property.

4. **Husband and wife ⬸268(1)—Husband bound for community debts.**

The husband is legally bound for community debts, and that without reference to the form of the obligation, if made by his wife, and clearly so when he joins therein, consents or ratifies the transaction.

5. **Bills and notes ⬸112—Principal and surety ⬸8—Coverture does not release cosigners or sureties in action on note.**

Where wife with husband and others signed note given for purchase price of land and pledged her separate estate, the fact of coverture, and that she could not be held personally liable on the debt, did not release the other signers of the note from personal liability, and it was not error to render judgment against the latter personally and against the property of the wife in rem, even though those signing with the wife signed only as sureties.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by George L. Hulshizer against Margaret J. Tygart and others. Judgment for plaintiff, and defendants appeal. Affirmed.

E. B. Ward, of Corpus Christi, for appellants.

Emmett L. Coleman, of Corpus Christi, for appellee.

COBBS, J. Appellee sued Margaret J. Tygart and her husband, J. M. Tygart, and James Brown, on an ordinary promissory note for the sum of $800, interest, and attorneys' fees, and to foreclose the lien on land given as security, which land was the separate property and estate of the said Margaret J. Tygart.

There is no controversy as to the making, execution, and delivery of said joint and several promissory note by all the parties, but the defense is predicated upon the theory that Mrs. Tygart was a married woman at the time of its execution, and not liable thereon, and the note, as to her, on account of her coveture, was void, and the land being her separate estate at the time was not subject to said debt, it not being to secure her husband's debt nor for necessaries for her separate estate, therefore not binding upon her. The defense of the others was that Mrs. Tygart, being the principal on said note, and, the note being void as to her, was discharged from the obligation, and the note being without consideration as to the other two, they, being mere sureties, were thereby released.

The case was heard by the court without a jury and judgment was rendered that Margaret J. Tygart be discharged from any personal judgment, but that her interest, title, and estate be subjected to foreclosure. Therefore it was adjudged that appellant

recover of J. M. Tygart, Jr., and James Brown, jointly and severally, the sum of $1,073.77 as principal, interest at 8 per cent. per annum, and attorney's fees from date of judgment, with a foreclosure of the lien on the land against all the defendants in satisfaction of the judgment.

It was further averred that in view of the fact that said James Brown and J. M. Tygart were mere sureties, and Margaret J. Tygart, the principal obligor, said property be first sold to satisfy said judgment and the excess, if any, be delivered to Margaret J. Tygart. If it does not sell for enough then execution issue on the deficiency to make the balance.

The first assignment presented is to the effect that neither Margaret J. Tygart nor her separate estate was bound, because she was under coverture at the time, and the debt, not being for necessaries or given to secure a debt of her husband, is not enforceable against her or against her separate estate. In fact, all the assignments are to the same effect. The note given is in the usual form of ordinary promissory notes in general use in the commercial world and is a joint and several obligation. Upon such notes, all the parties are primarily liable as principals.

The court has determined from the facts that Mrs. Tygart should be released from the note, or, more properly speaking, because of her coverture at the time of its execution as against her, it was nonenforceable as a personal obligation, but that the lien upon her land given to secure the note may be foreclosed.

[1] The court correctly held that no personal judgment could be taken against her on the note, being a married woman she was under a disability at the time of its execution. It is well settled that a married woman may pledge her separate property as security for such obligations. Hall v. Dotson, 55 Tex. 525; Kutch v. Holley, 77 Tex. 224, 14 S. W. 32.

[2, 3] The proof showed that the note given by Mrs. Tygart was for the purchase price of another tract of land, not the land upon which she gave the deed of trust sued upon herein. While, as her husband, Mr. Tygart, says, he signed only as an indorser, is not so apparent on the note, it was nevertheless to purchase land acquired during their marriage which made it prima facie community property. When he signed that note, he indorsed and approved the purchase of the land, and ratified her note and obligation, and cannot be heard here to say that, though he signed a note that was representing the purchase of land that became her property, it was without consideration. Even though he desires to be treated as one of her sureties, he is nevertheless bound upon the note by every principle of sound law and good morals.

[4] This note shows that it was given to purchase property for the wife, that might have become her separate estate, and we may infer from his act it became so notwithstanding the presumption of community estate. The husband is legally bound for the community debts, and that without reference to the form of the obligation, if made by his wife, and clearly so when he joins therein, consents to or ratifies the transaction. At the very least, it was community property. Cooke v. Bremond, 27 Tex. p. 627. See Annotation in 86 Am. Dec. p. 628. It has been too well settled by a long line of decisions in this and other jurisdictions that a married woman may pledge her individual property for the payment of her obligations. It is also held that she may pledge her individual property when joined in by her husband and properly acknowledged by her, as was done in this case, for the benefit of another besides her husband. Hall v. Dotson, 55 Tex. 524; Sparks v. Taylor, 99 Tex. 411, 90 S. W. 485, 6 L. R. A. (N. S.) 381; Kellett v. Trice, 95 Tex. 160, 66 S. W. 51.

[5] There is nothing in the point made that Mrs. Tygart, being the principal obligor, being discharged, operated to release the other two joint makers, the alleged sureties. This is not a correct statement of the facts. She was not released except in so far that no personal judgment could be or was entered against her. She was not discharged except in personam, but a judgment was entered against her in rem, and the lien was foreclosed on her land in satisfaction of this very obligation and it was decreed to be sold. A wife with the consent of her husband in good faith may enter into any contract to bind herself and her separate property. George v. Stevens, 31 Tex. 670–675; Womack v. Womack, 8 Tex. 397, 58 Am. Dec. 119. In the case of Stephen v. Beall, 22 Wall. p. 329, 22 L. Ed. 787, the court says:

"As to a wife's individual property generally, it is well settled that she may, by joining in a deed with her husband, convey any interest she has in real estate. Such a deed conveys the interest of both. 1 Washburn on Real Property, 280. The doctrine that a married woman has the power to charge her separate estate with the payment of her husband's debts, or any other debt contracted by her as principal or as surety, has been uniformly sustained for a long period of time."

The fact of coverture, and for that reason she cannot be held personally liable on the debt, does not release the codefendant from liability therefor, and it was not error to render judgment against the latter alone. Collins v. Barbee, 3 Willson, Civ. Cas. Ct. App. § 128.

Any act that would ordinarily release a surety would release the wife's property too, for though she may have signed the note

jointly, she would be surety. Still, there is nothing in this case that operated to release her from the security she gave. We do not think there is any merit in the defense made that, because Mrs. Tygart was not subjected to a personal judgment, the sureties were discharged. We understand that in such cases, in the absence of duress, fraud, or deceit in procuring the note, the sureties remain liable, though the principal be discharged from personal obligation. Lee v. Yandell, 69 Tex. 36, 6 S. W. 665. Especially so, as here, where a foreclosure was had on her individual property to secure the payment of the joint note. In this case last cited the law is so plainly stated that further comment would be but the work of supererogation.

We find no substantial error assigned that calls for a reversal, and the judgment is affirmed.