ARMSTRONG, USE OF, &c., v. LIPSCOMB.

The Act of 1846, Sec. 86, p. 386, (Hart. Dig. Art. 741,) which dispenses with the proof of the execution of instruments on which the action is founded, in whole or in part, does not dispense with the production and introduction of the instruments in evidence.

Where the defendant pleaded that the notes, sued on, were barred, and that he was not indebted, and a general denial, it was held, that under the pleadings the plaintiff was bound to prove his cause of action.

We have repeatedly decided that a judgment must be presumed to be right, until shown to be wrong; that although an instruction, or charge, of the Court may be erroneous, it must be shown to have operated some actual or possible injury to the appellant; and that this can only be done by showing that on the facts proved, he was entitled to a judgment in his favor; and that when the facts, as proved, are not embodied in the transcript, the case stands here as if either no evidence had been adduced, or only such as had authorized the verdict; and that when facts to sustain the issue, are not shown to have been proven, the instructions given or refused must be regarded as abstract propositions, and as such not authorizing a reversal of the judgment, where such judgment was in fact the only one, from the evidence, or rather the want of evidence, which could have been rendered.

Error from Austin. This action was instituted on three promissory notes of hand, described in the petition as having been drawn and signed by the defendant in error, on the fifth day of December, 1837, at Mobile, in the State of Alabama, one of the United States, payable to his own order at the Bank of Mobile, and by the defendant then and there indorsed to J. Nicholson, Esq., Cashier, or order, who then and there indorsed the said notes to the plaintiff, who sues for the use of the President, Directors, and Company of the New Orleans and Carrollton Rail Road Company. The first note is alleged to be payable six months after the date thereof; and that the defendant is indebted in the amount of the same, with interest thereon from the 8th June, 1838; the second payable twelve months after date and due on the 8th December, 1838; and third payable in eighteen months, and due on the 8th June, 1839.

81

The petition was filed the 20th February, 1844. The defendant pleads that the several obligations, upon which this suit was instituted, were barred by the laws of the land, before the commencement of the action; and further denies that he is indebted to the plaintiff, and denies all and singular the allegations of his petition.

The plaintiff, on the 8th October, 1845, notified the defendant that, upon the trial, he would introduce evidence of the loss of the second note, described in his petition. At the Spring Term, 1847, leave was given to file an amended petition, in which it was averred that the note due twelve months after the date thereof, was then lost and mislaid, and had been so lost and mislaid at the time of bringing the action. The cause came on for trial, and the plaintiff took a non-suit; the judgment thereon was afterwards set aside, and cause continued.

At the Fall Term, 1847, the cause was continued by the plaintiff for the want of evidence to prove the existence of, and to indentify, the note believed to be lost. At the Spring Term, 1848, the defendant filed an amended answer, in which he merely re-iterated his former plea of the statute of limitations. The cause was tried at this Term before a jury, and verdict found for the defendant.

There appear on the record two bills of exceptions.

The Court was asked by the plaintiff's counsel to charge the jury, that a suit, commenced on a note due 1st June, 1838, brought in February, 1844, is not barred by the statute of limitations; that a suit, commenced as above, on a note due the 5th December, 1838, is not barred by the statute of limitations; that a suit, commenced as above, on a note due 1st June, 1839, is not barred by the statute of limitations. Which being declined, the plaintiff tendered his bill of exceptions.

In the second bill of exceptions, it is stated that the Judge charged the jury, that if they believed that the notes, sued on, were due and payable for more than four years before the

suit was brought, the same was barred by the statute of limitations. And to this the plaintiff took his exceptions. There was no statement of facts.

*Robinson & Crittendon*, for plaintiff in error.

*B. Gillespie* and *J. Hancock*, for defendant in error.

HEMPHILL, CH. J. There is no statement of facts nor copies of the notes, sued upon, embraced in the record, and it is contended by the counsel for the appellee, that the charges given and refused, stand as abstract propositions, the applicability of which to the facts adduced in evidence, it is impossible to determine, and, consequently, whether the legal rights of the plaintiff were really prejudiced by the charge refused or by that which was given.

The first question which arises, is whether any evidence was required to establish the facts averred in the petition.

The statute, Sec. 86, p. 386, declares "that when any pe- "tition, answer, or other pleading shall be founded, in whole "or in part, on any instrument or note in writing, charged to "have been executed by the other party, or by his authority, "and not alleged therein to be lost or destroyed, such instru- "ment or note in writing shall be received in evidence, with- "out the necessity of proving its execution, unless the party, "by whom, or by whose authority, such instrument or note in "writing is charged to have been executed, shall file his affi- "davit in writing, denying the execution thereof;" &c.

This provision dispenses with the necessity of proving the execution of the notes, but not offering them in evidence. The defendant had pleaded that he was not indebted, and had denied the allegations of the petition. What may be the full legal effect of such defences under our system of procedure, it is not material to inquire. One thing is clear, they do not waive the necessity of producing such proof as is necessary, under the law, to support the action. To main-

tain his action in this case, the plaintiff should have offered two of the notes in evidence, and have established the existence and loss of the other, by competent proof. (9 Tex. R. 610.) But it does not appear, from the record, that the notes were read in evidence to the jury, or that any evidence was adduced to establish the existence and loss of the one which was averred to have been lost or mislaid ; and, consequently, it does not appear from the transcript, that there was any evidence which, in any event, would have authorized a verdict for the plaintiff. And if the plaintiff offered no evidence, if he did not produce the two notes, alleged to be in existence, and establish the loss of the other, it is immaterial whether the Court did or did not charge the jury, or whether the charge was right or wrong, the plaintiff was not entitled to a verdict, for the reason that his cause of action was not proven, or in other words, that he did not show that he had any ground, at all, for his action. Can we legitimately presume that any such evidence was offered ? The verdict is for the defendant, and every reasonable and legal presumption is in favor of its correctness.

It may be said that the charges afford internal evidence of the production of the notes at the trial. If, from the charges, it were legitimate to infer that certain facts were in evidence, the presumption, on the contrary, would be against the plaintiff, and the inference would be, that no such notes, as he had described in his petition, were before the jury. He asks the Court to instruct the jury as to the effect of the statute of limitations on three notes, it is true ; but only one of which can, by possibility, belong to the notes sued upon—the other two becoming due at dates different from those of the notes described in the petition. He asks instructions in relation to three notes, one due the 1st June, 1838, the second the 5th December, 1838, and the third the first June, 1839. Whereas the notes sued upon are in effect described to be due on the 8th June and 8th December, 1838, and 8th of June, 1839.

The first and third notes of the instruction and the first and

third of the petition cannot be the same. The second note in the one may be identified with the second in the other, by adding the days of grace to the note in the petition, and excluding them from the note in the instruction. But this was the last note, and to infer from the asking of a charge in relation to such note, that its existence and loss had been proven, would be a wildness of presumption wholly unauthorized. The proposition, as a whole, was not only properly refused as inapplicable to facts averred, or which could be proved under the pleading, but it raises doubts as to whether the note, sued on, were, or could have been, offered in evidence. Had they been present, it is extremely improbable that a mistake would have been made in their dates, and the inference from such mistake is, that they were not present, and were not submitted to the jury. No copies of the notes were set out in the petition, and none are embraced in the transcript. Had there been copies, it would have been ascertained whether the misdescription of the notes exists in the petition or the instruction. In the case of Wescott v. Menard, (Dallam, 504,) it was prescribed as a rule of practice, that written instruments which are the foundation of an action, must be produced at the trial and filed when the judgment is obtained. Had there been a compliance with this rule, copies of the notes would, doubtless, have appeared in the transcript; and their non-appearance is a circumstance which militates against the presumption of their being produced at the trial. And we may observe here, that had they been offered, and if they were such as they are described in the instruction, they could not have been admitted, at least two of them, under the pleadings; nor would they have authorized a verdict for the plaintiff.

But it is unnecessary to dwell upon the presumption as to whether the notes were or were not offered in evidence. The plaintiff had in his power to show conclusively the facts of the case. If the identical notes, sued upon, had been offered in evidence, he had the power to show that such was the fact, and, consequently, to show that the proof would have author-

ized a verdict in his favor for at least a portion of the amount, had the jury not been misled by the supposed erroneous charge of the Court. This he has not done. He has not shown that in any event, even if all the charges of the Judge had been the reverse of what they were, he was entitled to a verdict. He has not made out a case, on which he could claim one from the jury. He has not shown that there were any such notes in existence, as those sued upon, and consequently the verdict for the defendant cannot be impeached as erroneous. Can it be said that the plaintiff was aggrieved by the erroneous charge of the Judge, when if even the charge had been the very reverse, and the verdict had, notwithstanding such charge, been for the defendant, it could not have been disturbed, for the reason that the plaintiff had not proven his cause of action, or made out any such case as would have entitled him to a verdict. We have repeatedly decided that a judgment must be presumed to be right, until shown to be wrong; that although an instruction or charge of the Court may be erroneous, it must be shown to have operated some actual or possible injury to the appellant; and that this can only be done by showing that on the facts, as proven, he was entitled to a judgment in his favor; and that when the facts, as proven, are not embodied in the transcript, the case stands here as if either no evidence had been adduced or only such as authorized the verdict; and that when facts to sustain the issue, are not shown to have been proven, the instructions given or refused must be regarded as abstract propositions, and as such not authorizing a reversal of the judgment, when such judgment was in fact the only one, from the evidence, or rather the want of evidence, which could have been rendered. (Holman v. Bitton, 2 Tex. R. 297; Chandler v. The State, Id. 305, and the cases therein cited ; Hill and wife v. Crownover, 4 Tex. R. 8 ; The State v. Ashworth, 490.)

We are of opinion that on the record as presented in this appeal, there is no error in the judgment, and that the same be affirmed.

Judgment affirmed.