Walker v. Hanks.

## W. A. J. WALKER v. WYATT HANKS.

A grant from the State, of public domain, can not be presumed from a continuous uninterrupted possession for the space of ten years; nor from a five years peaceable, quiet, actual, adverse possession, under a deed duly registered, using, cultivating, and enjoying the land, and paying taxes thereon.

The cases of Yancey v. Norris (ante, 40,) and Taylor v. Watkins, (26 Tex. R., 688,) cited and approved.

APPEAL from Tyler. Tried below before the Hon. J. M. Maxcy.

The facts are sufficiently stated in the opinion. Verdict and judgment below for the defendant.

*Sam. A. Willson,* for the appellant.

*Pedigo & Minter,* for the appellee.

MOORE, J.—This was an action by Walker, the appellant, on the covenants of warranty in a deed executed to him by the ap-

pellee, Hanks, on the 19th of Dec., 1853, for two hundred and five acres of land, described in said deed as a part of the headright league of Jose Garcia. The title to said Garcia, under which the appellee claimed, was issued after the closing of the land office by the act of the consultation, on the 13th of November, 1835, and was consequently null and void. And on the 2d of January, 1858, a patent was granted by the State to one William R. Goode, which covered the land sold by Hanks to the appellant. On the trial there was testimony introduced by Hanks, tending to prove, that he had been in possession of said Garcia league of land for more than ten years prior to the commencement of the present suit; and, also, that he had been in possession of it for more than five years under deeds duly recorded, paying taxes, &c. The court instructed the jury, if Hanks went into possession of said league of land under the order of survey in favor of Garcia, and had held continuous, uninterrupted possession of it for ten years, "his imperfect right would be matured into a perfect title by lapse of time." Also: "A party holding under a deed duly registered, peaceable, quiet, actual, adverse possession; using, cultivating and enjoying the same, paying taxes thereon, acquired a perfect title under such deed by five years continuous, uninterrupted possession."

The question involved in these instructions was fully considered, and the doctrine touching the presumption of grants of the public domain thoroughly explained by the senior members of the court in the cases of Yancey v. Norris (in which I had been of counsel,) and Taylor v. Watkins, decided at the last Tyler Term. The conclusion attained by the court in those cases was, that a grant of the public domain could not be presumed upon a possession of a much more considerable length of time, than that indicated by the charge of the court in this case. The question can not, therefore, be regarded any longer an open one in this court; and on the authority of those decisions, the judgment must be reversed.

Judgment reversed and cause remanded.

Reversed and remanded.