GALVESTON, H. & S. A. R. R. Co. v. PAT. DELAHUNTY.

*(Case No. 860.)*

1. RAILWAY COMPANY — DAMAGES.— A railway company is not liable to its employes as an insurer for injuries caused by defective implements it may furnish them, if all proper precautions be taken to see that they are reasonably safe and strong.

2. Negligence.— Negligence in a corporation in the performance of its duty to its employes to furnish them safe and suitable implements, is a fact to be established for the jury. But when the injury complained of is traced to defective implements furnished by the master, whether any further evidence of negligence is necessary, until it is shown by the master that reasonable care was exercised in their selection, *quœre ?*

3. Practice.— To require a reversal of a judgment in the supreme court because of error in a charge, it must be a material error to the prejudice of the party complaining of it. When it is manifest that an erroneous charge operated no injury, or where no other conclusion than that arrived at by the jury can be legitimately deduced from the facts, the supreme court will refuse to reverse the judgment.

4. Practice.— A party who made no complaint of a charge at the trial, but apparently acquiesced in it, should be required to make a more conclusive showing that his rights had been prejudiced by it, than would be required of one who exercised vigilance in protecting his interests, and objected at the right time.

Appeal from Harris. Tried below before the Hon. James Masterson.

The opinion states the facts.

*E. P. Hill* for appellant.

I. The charges complained of by appellant put the employer in the relation of an insurer or guarantor of the servant against injury, whereas the true and universally recognized principle is, that he is bound only to exercise reasonable and ordinary care in providing materials to do the work required, and can be held liable to the servant only when negligence can be properly imputed to him in failing to exercise such care. No such rule of law as that announced in the charges is applied in the case even of injury to passengers. (Cooley on Torts, note 1, p. 557.) The charges complained of are not qualified or corrected by the subsequent charge quoted by appellee's counsel, as follows: " If the proof satisfy you that defendant furnished sound rope, or rope reasonably fit for the work it was applied to, find for defendant; or, if plaintiff had equal opportunity to ascertain the condition of soundness or unsoundness of the rope that defendant had, then plaintiff

cannot recover." The first clause of this charge, so far from qualifying or correcting the error of the others, persists therein, and, taken in connection with them, holds the defendant as bound absolutely and at all events to furnish a sound rope. The second clause relates entirely to a distinct issue in the case, viz.: whether plaintiff (appellee) had equal means of knowing, or did know, the condition of the rope.

II. The complaint of appellant is not that the charges were "indefinite or incomplete," but that the law as therein stated by the court is positive error. ·

The rule is well settled that where there is no error in the charge as given, but the complaint is that it was not sufficiently comprehensive, or that the law of the case was not fully given, or did not embrace the whole law applicable to the case, then the "indefinite or incomplete" matter should be supplied by asking instructions, but it is otherwise where, as in this case, the charge given is erroneous. Appellant's third assignment of error is, "The court erred in overruling the motion for a new trial," and the grounds of the motion are: "First, because the verdict of the jury is contrary to the law and evidence. Second, because the verdict of the jury is contrary to the charge of the court, as applied to the facts in evidence, and because the charge is erroneous."

III. This case was tried and appealed before the adoption of the new rules by this court, and however it may be now, an assignment "that the verdict is contrary to the law and evidence" was always, before the adoption of the new rules, regarded and treated as sufficient. In case of Flanagan v. Boggess, 46 Tex., 334, cited by counsel for appellee, the assignment was " that the court erred in its charge." So in Trammell v. McDade, 29 Tex., 362, an assignment of that character was said to be an imperfect compliance with the law, but in the same case an assignment "that the verdict is contrary to the law and evidence " was treated and considered by the court as sufficient.

*M. Looscan* for appellee.

I. The charges of the court, as assigned as error by appellant, contain correct propositions of law. H. & T. C. R. W. Co. *v.* C. J. Dunham, 49 Tex., 181; I. & G. N. R. R. Co. *v.* T. Doyle, 49 Tex., 190; Wood's Master and Servant, secs. 377 and 406; Perry *v.* Rickets, 55 Ill., 234; Chicago *v.* Swett, 45 Ill., 201; Lalor *v.* C. R. R. Co., 52 Ill., 401; C. R. R. Co. *v.* Jackson, 55 Ill., 492; C. R. R. Co. *v.* Harney, 28 Ind., 28; Gibson *v.* Pacific R. R. Co., 46 Mo., 163; Coombs *v.* New Bedford Cord Co., 102 Mass., 572; Quaid *v.* Cornwall *et al.*, 13 Bush (Ky.), 601; Leonard *v.* Collins, 70 N. Y., 90; Boree Stone Co. *v.* Kraft, 31 Ohio St., 287; Hough *v.* Texas Pacific R. R. Co., Central L. J., Feb. 6, 1880.

II. If that portion of the charge, specified in first and second assignment, be objectionable, the same was qualified and corrected by a subsequent portion (2d subdivision) of the charge, and appellant sustained no injury thereby. The court charged: "If the proof satisfy you that defendant furnished sound rope, or rope reasonably fit for the work it was applied to, find for defendant; or, if plaintiff had equal opportunity to ascertain the condition of soundness or unsoundness of the rope that defendant had, then plaintiff cannot recover."

III. If the charge as given was too indefinite or incomplete (which we deny), defendant should have excepted to the charge, and asked for additional charges. Hall *v.* O'Malley, 49 Tex., 73; Johnson *v.* Blount, 48 Tex., 43.

Gould, Associate Justice.— This is a suit brought to the July term, 1875, of the district court of Harris county, by Pat. Delahunty, appellee, against the Galveston, Harrisburg & San Antonio Railway Company, appellant, for damages because of personal injuries alleged to have been sustained by him, without any fault on his part, while in the employ of appellant, resulting from the supplying to him by appellant of unsuitable and unsafe machinery or appliances to work with, to wit: a rotten or unsound rope, the unsafe or defective condition of

which rope he did not know, nor had he any means whatever of knowing; that appellant was guilty of gross and willful negligence in furnishing him with such insufficient appliances; that it knew of such defect, or could have known of it by the exercise of ordinary care; and from subjecting appellee to dangerous risks not incident to his employment.

The leading or principal facts showing the circumstances under which the injury was received may be thus stated:

On the 21st of February, 1875, Patrick Delahunty, who was in the employ of the Galveston, Harrisburg & San Antonio Railway Company as a section foreman, was, in the discharge of his duties, with the road master (Norway) and other employes, engaged in replacing upon the track a box car, which had run off the day previous. They set a couple of skids under the car, with the ends resting on the rails; then fixed a rope around the car, and using a block and fall, or tackle, with one end of the rope attached to the stump of a tree and the other to a flat car attached to an engine, which furnished the motive power, had "raised the car up gradually on the under side until it brought it on a level," and "the upper side had been brought up until it just leaned over on its edge." In this operation over one hundred feet of the rope had been pulled out. With the car in this position, the road master, who appears to have been directing the work, put Delahunty and others to level a place under the car for crib work, to block it up, and while doing this, the rope broke and the car came down on Delahunty, and he was severely injured. The rope was one previously used in digging wells, and was used on this occasion by direction of the road master. There was testimony tending to show that it was worn, and not very good. It was in evidence that it was customary in raising cars to use a derrick, but that on the defendant's road they always used block and tackle. No evidence was introduced on behalf of defendant, and for the purposes of this opinion, it is not necessary to state the evidence further.

The following is the charge as a whole:

" 1. That it is the duty of an employer to provide sound material with which to do the work required of the employe, and the failure to provide such, when an injury results from supplying unsound material, renders the employer liable in damages to the employe injured. If the proof satisfy you that plaintiff was in the employ of defendant, and that defendant furnished and supplied plaintiff a rope for the work required of plaintiff, which was rotten or unsound, and if the accident was the direct result of using the rope, then find for plaintiff such actual pecuniary damages as plaintiff has established, considering the nature of the injuries received.

" 2. If the proof satisfy you that defendant furnished sound rope, or rope reasonably fit for the work it was applied to, find for defendant. Or if plaintiff had equal opportunity to ascertain the condition of soundness or unsoundness of the rope that defendant had, then plaintiff cannot recover.

" 3. Punitory damages cannot be allowed in this case, but if liable under the law and evidence, it is liable for actual compensatory damages, and in estimating damages, the loss of time and the permanent character of the injuries, if of that nature, are to be considered."

No charges were asked on behalf of defendant, nor does it otherwise appear that he in any manner called the attention of the court to the part of the charge now objected to. In his motion for new trial he complains that the charge was erroneous, but does not specify in what particular. In this court he assigns error, embracing the entire first paragraph of the charge, and complains that it is erroneous because " it puts the employer in the relation of an insurer or guarantor of the servant against injury, whereas the true and universally recognized principle is that he is bound only to exercise reasonable and ordinary care in providing materials to do the work required, and can be held liable to the servant only when negligence can be properly imputed to him in failing to exercise such care."

The corporation is certainly not liable to its employes as an

insurer against injuries, nor for injuries caused by defective implements, if all proper precautions were taken to see that they were reasonably safe and strong. R. R. Co. *v.* Doyle, 49 Tex., 198; R. R. Co. *v.* Dunham, 49 Tex., 181; Cooley on Torts, 557.

Negligence in the corporation in the performance of its duty to its employes to furnish them safe and suitable implements, is a fact to be established. Cooley on Torts, ch. 21.

But if the injury to an employe be traced to defective implements furnished by the master, it is far from clear that any further evidence of negligence is necessary, until the master makes some showing that reasonable care had been taken in their selection. Cooley on Torts, 661–4. See, also, Piggot *v.* Eastern Counties Railway Co., 54 Eng. Com. Law, 229.

Negligence, however, is ordinarily a question of fact for the jury, and we are not prepared to say that the court did not err in its charge in withdrawing that issue from the jury. T. & P. W. W. Co. *v.* Murphy, 46 Tex., 356.

But to require a reversal in this court because of error in the charge, it must be a material error to the prejudice of the party complaining of it. Id., 368.

Where it is manifest that the erroneous charge operated no injury, as where no other conclusion than that arrived at by the jury can be legitimately deduced from the facts, this court will refuse to reverse the judgment. McLane *v.* Rogers, 42 Tex., 220; Mercer *v.* Hill, 2 Tex., 287; Lea *v.* Hernandez, 10 Tex., 137; Howell *v.* Nutt, 12 Tex., 266; Hubby *v.* Stokes, 22 Tex., 220; Sypert *v.* McGowen, 28 Tex., 635; Allbright *v.* Corley, 40 Tex., 112; Carter *v.* Eames, 44 Tex., 548; Williams *v.* Conger, 49 Tex., 622; Erwin *v.* Bowman, 51 Tex., 514.

Such is the rule, although the appellant may have done all in his power at the trial to prevent the court from committing the error, and to have it corrected in that court. It would seem reasonable that a party who made no complaint of the charge at the trial, but apparently acquiesced in the law as

given in the charge by the court, should be required to make a stronger showing that the charge operated to his prejudice, than is required of one who objected at the right time. Hollinsworth *v.* Holhousen, 17 Tex., 47. But be that as it may, our opinion is, that under the evidence the jury could have come to no other conclusion than that the injury, if it was the result of using unsound rope furnished by defendant, was caused by the negligence of defendant. The defendant introduced no evidence whatever tending to show what precautions, if any, were taken by it to secure good and safe appliances for the use of its employes. The evidence fails to point to any diligence exercised by the company in the discharge of its duty. If the jury found the injury to be the direct result of a defective rope furnished by defendant, we do not see, under the evidence, that they could have found that there was no negligence in requiring of its employes such work with such appliances. If there was error in the charge, it did not operate to appellant's prejudice. In regard to other errors assigned, it is believed to be unnecessary to say more than that we find none justifying a reversal of the judgment.

The judgment is affirmed.                    AFFIRMED.

[Opinion delivered March 26, 1880.]