## M. A. SHUMARD V. WILEY JOHNSON.

(Case No. 5609.)

1. EVIDENCE—WHEN QUALIFIED—The omission by the court to qualify a writing admitted in evidence, there being no request that such qualification be stated to the jury, is not error.

2. SAME—Admissible evidence will not be excluded for the reason that it prejudices the jury against one of the parties. When collateral disclosures can be excluded, the party threatened by them must act in his own behalf; but when they cannot be separated from the pertinent evidence, the prejudiced party must abide the consequences.

3. PRACTICE—ASSIGNMENTS OF ERROR—See opinion for assignments of error not sufficiently in compliance with the rules for the proposition thereunder to be considered by the court.

4. SAME—CHARGES—It is well settled that a judgment will not be reversed for an omission by the lower court to submit or qualify issues, unless the error of such omission is made positive and tangible by a refusal of special charges requested upon the omitted points.

5. SAME—It is immaterial that an erroneous charge was given if it is apparent that it could not possibly have affected the result.  See opinion.

APPEAL from Cooke.    Tried below before the Hon. F. E. Piner.

This was an action upon two promissory notes.   The appellee, Johnson, through his agent, A. M. Jones, conducted a grocery store.   He agreed to sell the stock of goods to Charles Durie, provided the title should not pass, and that the goods should remain in possession and under control of his agent, Jones, until he should be fully paid; and, on January 16, 1884, Johnson executed a bill of sale of the goods to that effect.   In return, Durie executed one note for $2,000, due November 1, 1884, another for $525, due January 1, 1885, and agreed to pay $575 in groceries at the rate of $50.00 per month. It was alleged that Jones was the secret partner of Durie in that purchase.   Immediately after its consummation, Jones and Durie commenced the business as A. M. Jones & Co., and had, as clerk, the appellant, M. A. Shumard.   Afterwards, Jones sold his interest to appellant, it being agreed that the new firm should assume the debts of the old, and Johnson making a written statement consenting to substitute Shumard for his agent, Jones.   Durie & Shumard continued the business until October 29, 1884, when Durie sold out to Shumard, who declined to let Johnson have more groceries at $50.00 per month, or to pay any debts due him, or to surrender the groceries.

When the suit was filed an attachment was levied on the goods. Appellant's answer contained general and special exceptions, general denial, and a special plea alleging that the notes sued on were for Durie's individual debts; that they had been so represented to him by appellee, and that he had never agreed to pay them, and a plea in reconvention, praying damages for wrongfully suing out the attachment.    The trial resulted in a verdict and judgment for plaintiff, Johnson, for the amount of both notes.

*Potter & Hughes*, for appellant, on the points discussed in the opinion, cited : DeLeon *v.* White, 9 Tex., 598; Waul *v.* Hardie, 17 Tex., 553; Warren *v.* Smith, 24 Tex., 485; Willis *v.* McNeil, 57 Tex., 474; R. R. *v.* Jarrell, 60 Tex., 280; 63 Tex., 97.

*Davis & Garnett*, for appellee, on the sufficiency of the assignment of errors, cited: Hodde *v.* Susan, 63 Tex., 307; H. & T. C. R'y Co. *v.*

McNamara, 59 Tex., 69; Pearson v. Flannigan, 52 Tex., 266; G. W. T. & P. R'y Co. v. Montier, 61 Tex., 122; Beaver v. Taylor, 93 U. S., 46; Hall v. O'Malley, 49 Tex., 73; Pennock v. Dialogue 6 Pet., 1; Carter v. Evans, 44 Tex., 548.

On partnership. they cited: Wallace v. Freeman, 25 Tex., 91; Lemon v. Box. 20 Tex., 329; Parsons on Partnership, 33,450; Story on Agency, 304; Mohawk Bank v. Van Slyck, 29 Hun. (N. Y.), 188; *In Re* Thomas, 8 Bliss, 139; Maffett v. Leuckel, 93 Pa. St., 468; Jordan v. Miller, 75 Va., 442; Stecker v. Smith, 46 Mich., 14.

ROBERTSON, ASSOCIATE JUSTICE —The contract between Johnson and Durie was objected to in the court below on several grounds, but, in this court, the only complaint is that in admitting the document the court below did not inform the jury of the restricted purposes for which it was allowed. There was no request for such statement of particular uses at the time the paper was put in evidence, or in the final submission of the case to the jury. There was no error in the mere omission of the court to qualify the admission of the contract, of its own motion, without suggestion or request of defendant.

This contract, in connection with the proof that Shumard was substituted for Jones, as the trusted agent of Johnson, was well calculated to prejudice the jury against the defences relied upon by Shumard. But admissible testimony cannot be excluded on the ground that one of the parties is by it presented in a bad light. It is an incurable infirmity in judicial investigations that the testimony cannot be precisely limited to the very issue involved. In illuminating the point in controversy, what is about it becomes visible to the jury, and influences their judgment. This is unavoidable. As far as it can be done, these collateral disclosures are prevented. When they cannot be excluded, the prejudiced party must abide the consequences; when they can be, the party threatened with the injury must tender the court the means of prevention. The appellant cannot complain here that the court below was not more vigilant for him than he was for himself.

The next point presented in the appellant's brief can not properly be considered. The proposition is that, "the case, as plead. was not proven by the evidence introduced, and the evidence produced was not admissible to show Jones a partner, and the court erred in submitting to the jury the fact of a partnership liability of A. M. Jones & Co. on the notes under such pleadings and proof."

This proposition is propounded under the third, fourth and fifth assignments of error :

"The third assignment is that the court erred in his charge to the

jury in not presenting the true issues of the case, and in stating the rules of law erroneously, pertaining to the case, as set forth in bills of exception three and four.''

'' The fifth is because the charge submitted questions to the jury, not raised by the pleadings or proof, and so shaping the charge as to confuse the jury, as shown in said bills three and four.''

The sufficiency of these assignments of error obviously depends upon the bills of exception referred to. In themselves there is no definite specification of any error. The bills of exception, styled ''three and four.'' complains of the charge of the court in all the particulars pointed out in the first seven grounds of the motion for a new trial, setting forth these grounds, and, in addition, specifies other objections to the charge. These exceptions cover the entire case, as presented to the jury by the court, and a reference to them in the assignments of error is not a more distinct specification of the matters to be revised than would be a general reference to the charge of the court.

The fourth assignment is that '' the court erred in its charge in not submitting to the jury the question as to whom the credit was given when the groceries were conveyed to Chas. Durie, and to whom plaintiff looked for his pay, as shown in bills of exception numbers three and four.''

The proposition is manifestly not germain to this assignment, and must be referred to those two already found to be not in compliance with the statute or the rules. The appellant's proposition, pertinently propounded under the fourth assignment, is as follows :

''The court erred in not directing the jury in his charge to look to the fact to whom the credit was given by appellee when he sold the goods and took the notes, in order to determine whether the debts were partnership debts or Durie's individual debts, and in not telling them the rule of law as to the same in the event Jones was a partner only in the profits of the business.'' But no special charge was asked to cure the defects alleged in the general charge. Again, ''the contract of appellant, to act as the agent of appellee in looking after the goods sold, in the place of Jones. as proven by appellee, would not support the allegation in his petition that appellant had agreed to pay the notes, and the jury should have been so told by the court in his charge,'' is certainly a correct proposition, but appellant asked no special charge. The reasons for refusing to reverse a judgment for the omission of the court below to submit or qualify issues that ought to have been submitted or qualified, unless the error is made positive and tangible by the refusal of special charges upon the omitted points, have been stated often enough. It cannot be useful to repeat them.

Under the sixth assignment of error the appellant complains that "the issue being whether or not appellant agreed to pay the notes sued on when he bought Jones' interest in the business, it was error in the court to charge the jury to find against appellant, should they believe he agreed to pay the debts when he bought out Durie." This may have been an error, but it could not possibly have affected the result. There was absolutely no proof that appellant assumed appellees' demand at the date of the purchase of Durie's interest. On the contrary, in the bill of sale from Durie to appellant, the debts assumed by the latter are stated in language obviously and cautiously composed to exclude, without naming, the claim in suit. The jury could not have based their verdict upon this issue. There was ample testimony to show that appellant knew that this demand was a liability of A. M. Jones & Co., and that he assumed those liabilities when he took Jones' place in the partnership with Durie. If there was error in the charge in the particular in question, no harm was done by it.

The evidence in the case in support of the judgment is sufficient and satisfactory. In the opinion of the court below, the remarks of counsel in the closing speech did not improperly influence the result. We are not sure that what was said was not legitimate comment upon the case as made by the evidence. There is no error in the record and the judgment is affirmed.

AFFIRMED.

[Opinion delivered April 16, 1886.]