JOHN AND MARIA HILL v. GULF, COLORADO & SANTA FE
RAILWAY COMPANY.

No. 3039.

. 1.  **Practice in Supreme Court—Absence of Statement of Facts.**—The gen-
eral rule is that an appellate court will not revise charges given or refused when there
is no statement of facts.    The exception is where the error in the charge is so glaringly
apparent when taken° in connection with the pleadings and the verdict as to leave no
doubt but that the finding of the jury was controlled by the improper instruction.  An
exception also is where the charge is upon an issue not made in the pleadings and the
verdict is evidently upon such issue.

2.  **Abstract Error.** — When the record shows that the verdict was warranted by
the pleadings, and was not outside the issues made, abstract error in the charge not
appearing to have affected the verdict is no ground for reversal.

APPEAL from Galveston.   Tried below before Hon. Wm. H. Stewart.

The following statement of the nature and the result of this suit made
by the appellants is accepted by the appellee:

"This was a suit instituted in the District Court of Galveston County by John and Maria Hill against the Gulf, Colorado & Santa Fe Railway Company for damages in the sum of $500 actual and the further sum of $5000 exemplary damages for alleged wrongful and illegal expulsion of Maria Hill, a passenger, from the train of defendant, in the City of Houston, on the morning of August 24, 1889, whereby it is alleged she was compelled to walk a distance of seven or eight blocks through the hot sun, necessitating her undergoing great personal fatigue, physical and mental pain, annoyance and discomfort, rendering it necessary for her to telegraph to Galveston for money to complete her journey; alleging she purchased a ticket from defendant on August 20, 1889, paid therefor $6.50 for transportation of herself as passenger to Dallas and return to Galveston, said ticket being a continuous round trip ticket. That on the morning of August 23, 1889, she started upon her said ticket from the City of Dallas, arrived at Houston at 10 p. m. on night of August 23, 1889, and presented herself as a passenger at the depot of defendant for transportation to Galveston upon her said ticket, yet defendant, forgetful of its said duty, had no train present or transportation provided to carry her through to Galveston on August 23, 1889, as defendant could have done prior to midnight of August 23, 1889, had defendant had a train present to connect with the incoming train from Dallas aforesaid. That she left Dallas in ample time to have completed the journey before 12 o'clock on night of August 23, 1889.

"Defendant answered by general denial and general demurrer. There was a trial April 24, 1890, and verdict for plaintiff for $5.25, and plaintiff appealed and assigned errors."

The court charged the jury as follows: "If you believe from the evidence that the plaintiff purchased of defendant a passenger ticket for passage from Galveston to Dallas and back from Dallas to Galveston, which was limited to commence on the 20th of August, 1889, and to expire on the 23d of August, 1889, then the defendant company. was not obliged to furnish transportation on the ticket after the expiration of the 23d of August, 1889, unless the defendant company defaulted in making its regular time trips; and the defendant's conductor would be justified in refusing thereafter to carry the passenger and in putting the passenger off the train when the passenger refused to pay the usual passage money. If there was a morning train leaving Dallas on the 23d of August, 1889, which arrived at Houston in time to make connection with the defendant's train from Houston to Galveston, then it was the duty of the passenger with the limited ticket to have taken the Dallas to Houston train which made connection with the train leaving Houston for Galveston on the evening of the 23d of August, 1889. But if plaintiff was not furnished at Dallas with any train on the 23d that arrived at Houston in time to make connection with the train leaving

Houston in the evening for Galveston, then the defendant company's conductor was not justified in putting plaintiff off the train on the morning of the 24th of August, 1889, and the plaintiff in that case would be entitled to recover damages for being put off the train, and the measure of damages would be a reasonable compensation for the injury sustained, the items of damage being the detention and the necessary expense and discomfort occasioned thereby under all the circumstances in evidence.''

The following charge asked by the plaintiff was refused by the court. Error is assigned to the court's charge in relation to plaintiff's ticket and the refusal to give the charge asked, as follows:

·''The court charges you as a matter of law that a ticket good for a time limited is good if the journey is begun within the time limited. If you find from the evidence that the plaintiff held a ticket issued by the defendant company good for a continuous journey from Galveston to Dallas and return; that the time when the ticket expired according to its tenor and effect was 12 o'clock midnight on the 23d of August, 1889, and if you believe that on the morning of August 23, 1889, the plaintiff began her return journey upon said ticket, but by some accident or occurrence for which she was not responsible she was prevented from completing her said journey on the 23d of August, 1889, that she resumed her journey on her ticket the next day and was ejected by the agent of defendant in charge of said train, you will find for plaintiff, and you will assess the damages as explained to you in the general charge.''

No error is pointed out in giving the general charge upon the subject of the ticket, and the error assigned for refusal to give the foregoing charge is that it is the law of the case.

· Charge No. 2 asked by defendant was to the effect that if on the morning of the 24th of August, 1889, the day after the time for which the ticket was limited, Maria Hill took passage on a train of defendant and that the conductor punched the ticket, then as a matter of law the taking up and cancellation of the ticket was a waiver by the company of the expiration thereof, and her ejection was illegal, and the plaintiff would be entitled to recover damages as defined in the general charge, under which you will assess the same. This charge was refused.

Requested charge No. 3 by defendant was also refused. In effect it was that if the company had the right to eject Mrs. Hill it must be done at a regular stopping place, and that if she was ejected at a place not a regular stopping place, and where there was no depot, such ejection was illegal.

Appellants also assign errors as follows:

The court erred in the second clause of its charge to the jury in omitting to charge that humiliation, shame, and mental pain and suf-

fering constituted actual damages, the measure of which the jury were the exclusive judges.

The court erred in refusing to give to the jury charge No. 2 asked by plaintiffs in relation to the waiver and ratification of said contract by the agent of defendant by accepting and canceling her railway ticket on the day after the limitation stated.

The court erred in refusing to give charge No. 3 asked by plaintiffs in relation to the right of a railway company to eject a passenger only at a regular stopping place.

The verdict of the jury is contrary to the evidence in that the amount of damages assessed is inadequate to the amount of damages proved. The verdict of the jury shows the injury was caused by the wrongful act of defendant, but the verdict for $5.25 is for only the actual amount of money proved to have been expended on account of the delay, and is wholly inadequate for the mental and physical injury and delay which resulted therefrom as shown by the evidence, and the verdict is therefore erroneous and contrary to the law and the evidence.

The sixth assignment of error is that the court erred in refusing to grant a new trial on plaintiffs' application for reasons assigned therein.

The seventh assignment of error is for "other errors manifest of record."

[This statement accompanied the opinion.]

*Walter L. Wilson* and *Howard Finley*, for appellants.

*J. W. Terry*, for appellee.

COLLARD, JUDGE.—The absence of a statement of facts in this case, it having been stricken from the record, conclusively determines every question raised by the assignments of error against the appellants.

The omission of the court to instruct the jury that shame, mortification, mental pain and suffering constituted elements of actual damage in a case where such facts were proved would have been error provided a wrongful expulsion had been shown. The correctness of such a charge would depend upon the facts. Without facts to support it, it can not be said that such a charge should have been given. We have no way to determine whether the proof would have justified the giving of the charge, and can not say there was error in the omission.

The court refused to instruct the jury at the request of plaintiffs that the punching and cancellation of the plaintiff's ticket by the conductor on the day after it expired was a waiver of defendant's right to refuse her passage on the train. Error is assigned to the ruling. If the proposition made by the requested charge is sound in law, it will be seen at once that there must have been facts to predicate it upon to make it a correct charge in the case. In the absence of a statement of facts

we can not say the charge would have been applicable to any proof made.

The same rule must also be applied to the requested charge refused by the court, that if plaintiff Mrs. Hill was liable to expulsion from the train such expulsion at any place other than a depot or a regular stopping place would be illegal. Without the facts we can not say such a charge should have been given. To warrant the giving of the charge there must have been some evidence tending to show that plaintiff Mrs. Hill was ejected from the train and at a place other than a regular stopping place.

The assigned error that the verdict of the jury is greatly inadequate to the injury proved, for obvious reasons can not be sustained. So far as we can determine there was no evidence of injury, except such as would be presumed in support of the verdict. Cotula v. Goggan, 77 Texas, 32; Ross v. McGowen, 58 Texas, 607. There were no admissions in the pleadings of defendant, only a plea of general denial; no bill of exceptions relating to testimony, and there is nothing in the record informing us of any fact proved on the trial. We can not criticise the amount of the verdict. We have heretofore considered alleged errors in the ruling of the court in *omitting* in its charge instructions supposed to be necessary and in *refusing* certain charges.

There is an assignment of error which requires us to examine another question. It is insisted that the "court erred in the first clause of the general charge in relation to plaintiff's railway ticket and in refusing charge No. 1 asked by plaintiff, which stated the law of the case." No error is pointed out in the assignment and we might refuse to consider it because too general and indefinite. The charge given and the one refused will be found in the statement of the case made by us.

What has been said above concerning refused charges will apply to the refused charge referred to in this assignment. There are no facts for the charge to apply to so far as we know, and therefore we can not say the charge should have been given. Admitting that there may have been error in the general charge complained of, a question we do not decide, looking to the pleadings and the verdict we are unable to see where it in any wise affected the verdict injuriously to the plaintiffs. There being no statement of facts the court's charge was abstract, and not being upon an issue authorized by the pleadings can not be revised by an appellate court. The general rule is that an appellate court will not revise charges given or refused where there is no statement of facts. The exception is where the error in "the charge is so glaringly apparent when taken in connection with the pleadings and the verdict as to leave no doubt but that the finding of the jury was controlled by the improper instructions." Ross v. McGowen, 58 Texas, 607. An exception can be found in a case where the charge is upon an issue not made in the pleadings and the verdict is evidently

upon such issue. Anding v. Perkins, 29 Texas, 353; Best v. Alford, 22 Texas, 399; Railway v. Edwards, 75 Texas, 334; Railway v. Moore, Id., 643; McGaughey v. Bendy, 27 Texas, 535.

. We do not find the case at bar to be an exception. The finding of the jury was warranted by the pleadings, was not outside of the issues made, and though there may have been abstract error in the charge it is not shown to have controlled the verdict. Under the charge as given the jury rendered a verdict for plaintiff for $5.25, which clearly shows that any error that might have been contained in the general charge in reference to plaintiff's ticket (as stated in the assignment) could not have influenced the jury to believe that she was not entitled to recover something under the charge as given. The measure of damages is a different subject and has already been considered.

We are therefore compelled to hold, there being no error as assigned determinable by us in the absence of a statement of facts, that the judgment of the court below must be affirmed.

*Affirmed.*

Adopted March 27, 1891.