INTERNATIONAL & G. N. R. CO. et al. v. ALEXANDER.†

(Court of Civil Appeals of Texas. Jan. 27, 1911. Rehearing Denied Feb. 23, 1911.)

1. APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS—TIME TO FILE—EXTENDING TIME —ORDERS MADE IN VACATION.

Under Act of May 1, 1909 (Acts 31st Leg. c. 39), providing that, if the term of the court may continue more than eight weeks, a statement of facts with bill of exceptions shall be filed within 30 days after final judgment, unless the court shall extend the time, the trial court cannot, after the term has expired, make an order in vacation extending the time for filing the statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2503; Dec. Dig. § 564.*]

2. APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS—EXTENSION OF TIME—EXCUSE FOR DELAY—EVIDENCE.

Upon a petition for rehearing of a motion to strike a statement of facts from the record, the statement not having been filed within the time prescribed by law, upon the ground that the reporter who took the testimony was too sick to transcribe it, evidence *held* not to show a sufficient excuse for such delay.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2505; Dec. Dig. § 564.*]

3. APPEAL AND ERROR (§ 548*)—STATEMENT OF FACT—ABSENCE OF.

In the absence of a statement of facts, the Supreme Court cannot consider assignments attacking the verdict and judgment as being against the law and the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

4. APPEAL AND ERROR (§ 907*)—STATEMENT OF FACTS—PRESUMPTION.

Where the judgment was one that could have been rendered under the pleading, and there is no statement of facts, it will be presumed that every fact necessary to sustain it was proven on the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2911; Dec. Dig. § 907.*]

5. APPEAL AND ERROR (§ 928*)—STATEMENT OF FACTS — ABSENCE OF PLEADING — PRESUMPTION.

Where the court's general charge was warranted by the pleadings, in the absence of a statement of facts, the Supreme Court will as-

---

sume that the evidence raised the issues therein submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3751; Dec. Dig. § 928.*]

Appeal from District Court, Anderson County; B. F. Gardner, Judge.

Action by Robert Alexander against the International & Great Northern Railroad Company and T. J. Freeman, receiver. From a judgment for plaintiff, defendants appeal. Affirmed.

Campbell, Sewell & Strickland, for appellants. King & Morris, for appellee.

McMEANS, J. Robert Alexander brought this suit against the International & Great Northern Railroad Company and T. J. Freeman, receiver of said railroad, for damages for personal injuries sustained by him, and upon the verdict of a jury recovered a judgment against the railroad company for $5,000, from which judgment both defendants, after their motion for a new trial had been overruled, have appealed.

At a former day of the present term of this court the statement of facts in this case was stricken out, because not filed in the court below within the time required by law. The term of the district court at which the case was tried began on the 21st day of June, 1909, and ended on the 4th day of September, 1909, and was therefore a session exceeding eight weeks in length. The judgment appealed from was rendered on the 3d day of July, 1909, and appellants' motion for new trial was refused on July 17, 1909. There was incorporated in the order overruling the motion an order allowing 30 days after the adjournment of court within which to file a statement of facts. On October 21, 1909, 18 days after the 30 days allowed by the order for filing the statement of facts had expired, the district judge before whom the case was tried made in vacation the following order: "In this cause, for good cause shown, time for filing statement of facts and bills of exception is extended twenty (20) days, making fifty (50) days in all from the last day of the summer term of the district court of Anderson county, Texas."

The statement of facts was filed on the 22d day of October, 1909. The district court of Anderson county may, under the law, continue in session for a term exceeding eight weeks. The action of this court in granting the motion to strike out the statement of facts was based upon the act of May 1, 1909 (page 376, § 7, General Laws 31st Legislature), which provides, in part, that if the term of the court may by law continue more than eight weeks, statements of fact and bills of exception shall be filed within 30 days after final judgment shall be rendered, unless the court shall, by order entered of record in said cause, extend the time of filing such statement of facts and bills of excep-

tion, and upon the decision of our Supreme Court, in Couturie v. Crespi, 131 S. W. 403, which holds that such extension of time for the preparation and filing of statements of fact and bills of exception must be granted by the court, which means the court in session, and presumably at the term at which the judgment was rendered. In view of the act and the decision referred to, we held that the order made by the judge in vacation was not sufficient to authorize the extension attempted to be granted, and therefore sustained appellee's motion to strike out.

Appellant in a motion for rehearing asks us to set aside the order striking the statement of facts from the record, and among other things urges that the court stenographer was seasonably requested to prepare and furnish the statement to appellants' attorneys, and he promised to comply with the request, but that he soon thereafter had to undergo a surgical operation, and for said purpose spent several weeks at a sanitarium; that said attorneys were led to believe that the statement would be prepared before adjournment, and at any rate before the 30 days after adjournment, covered by the court's order, had expired. They attach to the motion the affidavit of the stenographer, and state that it would be seen therefrom that counsel for appellants were at all times led to believe that said statement of facts would be furnished to them in due time, and that, relying upon said promises and construing the law with respect to the right of the trial court in term time or vacation to grant extensions, no further orders were procured from the trial court until October 21, 1909, when for good cause shown the order of extension was granted in vacation.

Appellee in opposition to the motion for rehearing attached several exhibits to his answer by which the following is shown: That the stenographer was actively engaged in the discharge of his duties in the district court of Anderson county from June 21 to July 17, 1909, inclusive, and upon the 24th and 31st days of July, 1909, and on August 7th, and from August 12 to 21, 1909, with the exception of August 15th. That on August 22, 1909, he entered a sanitarium and was discharged therefrom on September 5, 1909; that he served as stenographer for 21 days in the district court of Henderson county during the month of September, 1909, and for 18 days in the district court of Houston county during the month of October, 1909. The statement of facts as finally furnished by the stenographer was filed in the district court on October 22, 1909.

Without deciding whether an appellant should be allowed to present an excuse for not having filed a statement of facts within the time prescribed by law as a defense to a motion to strike the same from the record, we are clearly of the opinion that the facts urged in the motion for rehearing show no

sufficient excuse for not procuring and filing the statement sooner, and the motion for rehearing is refused.

Appellants' first assignment of error attacks the verdict and judgment as being against the law and the evidence, and all the other assignments complain of certain portions of the court's general charge, or of the action of the court in refusing to give special charges requested by defendants. It is well settled that without a statement of facts this court cannot revise errors raised by such assignments. The judgment was one that could have been legally rendered under the pleadings, and it will be presumed that every fact necessary to sustain the judgment was proven on the trial. Hill v. Railway, 80 Tex. 435, 15 S. W. 1099; Raleigh v. Cook, 60 Tex. 440; Ross v. McGowen, 58 Tex. 607; Armstrong v. Lipscomb, 11 Tex. 649. The court's general charge was warranted by the pleadings, and in the absence of a statement of facts, we must assume that the evidence raised the issues therein submitted.

The judgment of the court below is affirmed.

Affirmed.