PIONEER LUMBER CO. et al. v. SMITHER.

(Court of Civil Appeals of Texas. Feb. 13, 1911.)

1. APPEAL AND ERROR (§ 907*)—BILL OF EXCEPTIONS—STATEMENT OF FACTS.

Where a bill of exceptions failed to contain a statement of facts, and the judgment was one that could have been legally rendered under the pleadings, it will be presumed that every fact necessary to sustain the judgment was proven on the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3673–3678; Dec. Dig. § 907.*]

2. APPEAL AND ERROR (§ 548*)—BILL OF EXCEPTIONS—STATEMENT OF FACTS.

Where no statement of facts accompanies the record, the Supreme Court cannot revise errors raised by assignments attacking the charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2440; Dec. Dig. § 548.*]

Error from Harris County Court; A. E. Amerman, Judge.

Action by Robert Smither against the Pioneer Lumber Company and others. From a judgment for plaintiff, defendants bring error. Affirmed.

N. C. Abbott, for plaintiffs in error. Brockman, Kahn & Williams, for defendant in error.

McMEANS, J. This is an appeal from a judgment rendered in favor of the defendant in error for $505, being the amount alleged to be due him as salary for services rendered the plaintiffs in error as bookkeeper.

No statement of facts accompanies the rec-

ord, and the judgment of the court below is sought to be revised on assignments of error which attack the charge of the court. It is well settled that without a statement of facts this court cannot revise errors raised by such assignments. The judgment was one that could have been legally rendered under the pleadings, and it will be presumed that every fact necessary to sustain the judgment was proven on the trial. Hill v. Railway, 80 Tex. 435, 15 S. W. 1099; Raleigh v. Cook, 60 Tex. 440; Ross v. McGowen, 58 Tex. 607; Armstrong v. Lipscomb, 11 Tex. 649; Railway v. Alexander (recently decided by this court) 135 S. W. 703.

In Armstrong v. Lipscomb, supra, the court says: "We have repeatedly decided that a judgment must be presumed to be right until shown to be wrong; that although an instruction or charge of the court may be erroneous, it must be shown to have operated some actual or possible injury to the appellant, and that this can only be done by showing that on the facts, as proven, he was entitled to a judgment in his favor; and that when the facts, as proven, are not embodied in the transcript, the case stands here as if either no evidence had been adduced or only such as authorized the verdict; and that when facts to sustain the issue are not shown to have been proven, the instructions given or refused must be regarded as abstract propositions, and as such not authorizing a reversal of the judgment, when such judgment was in fact the only one, from the evidence, or rather the want of evidence, which could have been rendered."

The judgment of the court below is affirmed.

Affirmed.