## LEWIS v. VAUGHAN.

(Court of Civil Appeals of Texas. Jan. 31, 1912. On Rehearing, Feb. 28, 1912.)

1. FRAUDS, STATUTE OF (§ 143*)—CONTRACT TO SELL REAL ESTATE—RIGHTS OF THIRD PERSONS.

An owner employing a broker to procure a purchaser, but reserving the right to sell, may, to defeat a claim by the broker for commissions for procuring a purchaser, show that, prior to the agreement to purchase procured by the agent, he in good faith orally contracted to sell the land to a third person, and intended to carry out the oral contract, notwithstanding the statute of frauds, as the statute does not inure to the benefit of a stranger to the contract.

[Ed. Note.—For other cases, see Frauds, Statute of; Cent. Dig. §§ 344–350; Dec. Dig. § 143.*]

2. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where, in an action for commissions by a broker employed to procure a purchase subject to the right of the owner to sell, the owner relied on a parol contract of sale made by himself to a third person prior to the broker procuring a purchaser, the error, if any, in refusing to permit the broker to show that subsequent to the parol contract the owner and the third person entered into a written contract of sale, which was carried out, was not prejudicial to the broker.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

3. TRIAL (§ 251*)—INSTRUCTIONS—ISSUES.

An instruction submitting an issue not raised by the pleadings is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

## On Rehearing.

4. BROKERS (§ 88*) — ACTIONS FOR COMMISSIONS—EVIDENCE—INSTRUCTIONS.

Where, in an action by a broker for commissions for procuring a purchaser, the only issue was whether the broker procured a purchaser before the owner, reserving the right to sell, had sold to a third person, and there was no controversy as to their compensation, 'a charge that if the owner had agreed to pay the commission specified in the contract, and the same was reasonable, the verdict should be for him was not objectionable as precluding a finding for him for a less amount.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 88.*]

5. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

Where the court could have directed a verdict for defendant, an erroneous instruc-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tion, submitting an issue in favor of plaintiff, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1064.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action by W. B. Lewis against L. H. Vaughan. From a judgment for defendant, plaintiff appeals. Affirmed.

Snodgrass & Dibrell and Walter C. Woodward, for appellant. Woodward & Baker, for appellee.

RICE, J. Appellant, a real estate agent, who was plaintiff in the court below, sued appellee to recover commissions for making an exchange and sale of three certain tracts of land which had been listed with him by appellee for said purpose, alleging that appellee had agreed to pay him a commission of 2½ per cent. on the value of the lands to be exchanged and 5 per cent. on the cash payment; that, notwithstanding he procured a purchaser in the person of R. D. Kinney, who was ready, able, and willing to take said land in accordance with the terms of said trade, appellee subsequently sold the land himself to Lester West, and declined to convey the land to said purchaser procured by appellant, and refused to pay the latter commission thereon. Appellee, in addition to a general denial, pleaded that appellant ought not to recover, because he alleged that he was representing both himself and the contemplated purchaser, without knowledge on his part of such dual agency. We will say in passing, however, that there was no evidence supporting this issue. There was a jury trial, resulting in a verdict and judgment for appellee, from which this appeal is taken.

The undisputed evidence showed, we think, that defendant did list the land with the plaintiff for sale on the terms as alleged, but that this was not an exclusive agency, and that defendant specially reserved the right in the meantime to make sale of the lands himself, or through other agents in whose hands the same had been placed by him for sale; that, while plaintiff did procure a purchaser for said land, who was ready, willing, and able to purchase the same, yet it appears that before said contemplated purchaser concluded to buy the land, and notified appellant that he would take it, that the defendant, acting for himself, in good faith, had sold the land to said West, for which reason he declined to make the deed to said Kinney, the proposed purchaser, and refused to pay appellant's commission. Appellant was apprised, at the time the land was listed with him by appellee, that he needed the money to purchase bank stock in a bank at Silver Valley, and that the land was in the hands of several other agents for sale, and had been advertised

by him in the Dallas News, and that he was then expecting a party in to look at it, with whom one of the agents was then in correspondence, and that he would sell to the first party who would comply with his terms. On the 16th of January, 1911, appellant procured a meeting between Kinney and appellee, for the purpose of discussing the trade and exchange of their lands, at which time the appellee told them that he was compelled to go to Silver Valley the next day and that if they desired to make the trade they must look at his land on that day, and that he could not hold the proposition open to them any longer. He further stated, however, that if he had not disposed of the land before he returned from Silver Valley, and they then desired to look at it, he would go out with them for this purpose. There was some evidence on the part of appellant to the effect that prior to this statement appellee had acceded to a proposition by Kinney to the effect that he would give him an opportunity to inspect the land, and if it suited him after so doing he would then take it; but there is no denial in the evidence on the part of appellant of the statement made by the appellee that he would not hold the proposition open longer than that date.

On the 21st of January, appellant took Kinney, the proposed purchaser, out to inspect the land. Upon their return to Coleman at about 12 o'clock, Kinney said to appellant that he would take the land, provided the lines and corners were where he thought they were. Late on the afternoon of said day, Kinney informed appellant that he would take the land, and on Monday, the 23d, also advised appellee to the same effect. The evidence shows, however, that 10 minutes after 11 o'clock on the 21st of January, prior to the conditional acceptance by Kinney, as above stated, Lester West called appellee over the phone at Silver Valley, and concluded a trade with him for the land; but no deed or transfer thereof was made until after appellant had notified appellee that Kinney would accept his proposition.

[1] The first two assignments challenge the correctness of the ruling of the court in permitting the defendant and Lester West to give in evidence the statement above alluded to, showing a parol sale of the land, chiefly on the ground that such sale was in contravention of the statute of frauds. We think it is wholly immaterial that appellee had not in fact deeded the land to West at the time appellant procured the purchaser, since it clearly appears that he had accepted the offer of West at said time, and was, in good faith, intending to carry out his contract with West by conveying the land to him. No question was raised as to the bona fides of this sale to West, and it appears from the evidence that appellee had not only accepted the proposition of West, but was proceeding to carry the same out

by making the necessary transfer, when appellant apprised him of the fact that he had procured a purchaser for said land. This being true, we think that appellant, who was in no sense a party at interest in the sale to West, was not in a position to urge that such sale contravened the statute of frauds. The right to so object does not inure to the benefit of a stranger to the contract. See G., C. & S. F. Ry. Co. v. Settegast, 79 Tex. 256, 15 S. W. 228, and authorities there cited. For which reason these assignments are overruled.

[2] The third and fourth assignments insist that the court erred in refusing to permit appellant to show by appellee and West that, subsequent to the parol sale of the land, they entered into a written contract of sale, and appellee thereafter made a deed to West for same. As we view the matter, this evidence was immaterial; and if any error was committed at all it was in favor of appellant, since it was to the interest of appellee to show that the parol sale was afterwards closed up by a deed. These assignments are therefore overruled.

[3] Complaint is made of the refusal on the part of the court to give the following special charge: "You are instructed in this case that, though you believe from the evidence that prior to the acceptance by R. D. Kinney of the proposition made to him by the defendant L. H. Vaughan, the said L. H. Vaughan made a sale of the lands described in the plaintiff's petition to Lester West, yet if you believe from the evidence that defendant agreed with the said R. D. Kinney that he would sell him the said lands at the price and upon the terms alleged in plaintiff's petition, and take in part payment therefor the property of the said R. D. Kinney at the sum of $4,500, as alleged, and that the said R. D. Kinney should have time to inspect the said land, and that the said defendant would close the deal with him upon the said terms and at the said price, if after inspection of the said lands the said R. D. Kinney should so desire, if you so believe from the evidence you will find in favor of the plaintiff and against the defendant in such an amount as you may find from the evidence that he is entitled to recover." Besides being involved, we think said charge was properly refused for two reasons: First, there was no pleading raising the issue as to the right of the proposed purchaser to inspect the land before appellee would have the right to sell to some one else; and, second, because, if there had been such pleading, this charge failed to submit for the consideration of the jury as to whether or not he did in fact inspect the land and agree to purchase the same prior to such sale by appellee to West.

Special charge No. 2 was properly refused, for the reason that it required the jury to believe that Vaughan entered into a written contract for the sale of the land and prem-ises to West prior to the time that Kinney notified him or his agent, Lewis, of his acceptance, and of his intention to close the trade, before they could find for the defendant, since, as we believe, if he had entered into a parol contract with West prior to said time for the sale of said land, then he was entitled to a verdict in his behalf. Plaintiff, in the first count of the petition, declared on an express contract for the payment of certain commissions, and in the second on a quantum meruit. The court, in submitting the case to the jury on appellant's theory, told them to find for him the amount set forth in the contract, if they further believed that the same was reasonable compensation for his services. There was no issue raised on the trial as to the amount of commissions that plaintiff was entitled to, in the event that he should recover; all the evidence going to show that, if he was entitled to recover at all, it was for the full amount of his commission, as set forth in his petition. This being true, appellant could not have been injured by reason of said charge. It has frequently been held that, notwithstanding an erroneous charge has been given, still, where it is apparent that it could not possibly have affected the result, the error was harmless. See Shurmard v. Johnson, 66 Tex. 70, 17 S. W. 398.

The remaining assignments are on the facts, and we therefore deem it unnecessary to consider them. Finding no error in the proceedings of the court below, its judgment is, in all things, affirmed.

Affirmed.

### On Rehearing.

Appellant has filed herein a motion for rehearing, in which he has abandoned all other assignments, except that in which he complains that the court erred in the following paragraph of its charge, to wit: "If you further believe from the evidence that the defendant agreed with the plaintiff to pay 2½ per cent. commission on $4,500, the value of the land in exchange, and 5 per cent. commission on the value to be paid in cash, and you further believe that the said sum was reasonable compensation for said services, if any, then, in that event, if you so believe, you will find in favor of the plaintiff and against the defendant in such an amount as you may find from the evidence that he is entitled to receive."

[4] It is urged that the jury, under this charge, could not find for plaintiff, unless they should believe from the evidence, not only that appellee had agreed to pay such amount as a stipulated commission, but also that said amount was reasonable. We differ with appellant in this construction. It is true, as stated, that if the jury believed that appellee had agreed to pay said amount, and that the same was reasonable, then they should find for plaintiff, but this did

not preclude a finding for him upon less than this. See G., C. & S. F. Ry. Co. v. Hill, 95 Tex. 629, 69 S. W. 136; Railway Co. v. Brown, 78 Tex. 397, 14 S. W. 1034; Railway Co. v. Wood, 69 Tex. 679, 7 S. W. 372; and Boswell et al. v. Pannell, 146 S. W. — —, decided by this court February 21, 1912. The only issue presented by the pleading and evidence on the part of plaintiff was that he had procured a purchaser for the land which appellee had listed with him before appellee had sold the same to West. There was no controversy as to the compensation, nor any other fact.

[5] The undisputed evidence showed that appellee, who had reserved the right to sell the land himself, had in fact sold the same to West before plaintiff had secured his purchaser. This being true, we think the court would have been justified in peremptorily instructing a verdict in favor of defendant. Therefore the error complained of, if any, was harmless. It is not every erroneous charge that is ground for reversal. If the jury could have found no other verdict under the evidence, error in a charge is not cause for reversal. See Hubby v. Stokes, 22 Tex. 220; Sypert v. McCowan, 28 Tex. 639; Albright v. Corley, 40 Tex. 112; McClane v. Rogers, 42 Tex. 220; Railway Co. v. Delahunty, 53 Tex. 206; Gaston & Thomas v. Dashiell, 55 Tex. 520; Worthington v. Wade et al., 82 Tex. 28, 17 S. W. 520. It has also been held that, where a verdict is authorized by the evidence, and the justice of the case has been attained, the same will not be reversed for error in the charge. James v. Thompson, 14 Tex. 464; Hill v. Gulf, C. & S. F. Ry. Co., 80 Tex. 435, 15 S. W. 1099.

The error in the charge, if any, being harmless, appellant has no just ground of complaint, for which reason the motion for rehearing is overruled.

Motion overruled.