Matteson v. Smith.

FRED C. MATTESON, TRUSTEE, ET AL., APPELLEES, V. WILLIAM B. SMITH ET AL., APPELLANTS.

FILED MAY 22, 1901.   No. 9,625.

1. **Deed:** DELIVERY. A deed or other similar instrument placed in the hands of a third person for delivery to the grantee when he shall perform some condition, is not legally effective, but is

a mere nullity, if delivered by the depositary, or obtained from him in any way, without full complance with the condition specified.

2. **Evidence: Escrow.** Evidence examined, and found to warrant a judgment enjoining the registration of a mortgage-release claimed to have been delivered as an escrow.

APPEAL from the district court for Clay county. Heard below before HASTINGS, J.   *Affirmed.*

*Hurd & Spanogle, Leslie G. Hurd* and *S. W. Christy,* for appellants.

*Thomas H. Matters, contra.*

SULLIVAN, J.

This action was instituted in the district court of Clay county by Fred C. Matteson, trustee, and the Sutton National Bank to prevent the registration of a formal certificate acknowledging satisfaction of a real estate mortgage and for other relief.  The plaintiffs obtained judgment below in accordance with the prayer of their petition and the case was then brought here for review by appeal.  The one controlling question in the case is whether the delivery by Matteson to Schaeffle of a mortgage release was absolute or only conditional.  This is a question of fact and not of law.  The trial court found that the instrument was delivered as an escrow and the finding is, in our opinion, fully sustained by the evidence. Authorities need not be cited to show that a deed placed in the hands of a third person for delivery to the grantee when he shall perform some condition, is not legally effective, but is a mere nullity, if delivered by the depositary, or obtained from him in any way, without full compliance with the condition specified.  The release in question was still-born and its registration was properly enjoined.  The judgment is

AFFIRMED.