# JANUARY, 1905.

HOUSTON LAND & TRUST COMPANY v. D. P. HUBBARD ET AL.

Decided January 3, 1905.

**1.—Delivery of Deed—Intent of Grantor.**

In order to render a deed effective it must be delivered into control of the grantee with intent of the grantor that it shall become operative as a conveyance.

**2.—Same—Same—Innocent Purchasers—Estoppel.**

Those claiming as innocent purchasers under a deed delivered without the consent of the grantor can hold only by estoppel based upon a showing that the grantor was guilty of negligence which brought about the unauthorized delivery.

**3.—Exchange of Land—Unauthorized Delivery of Deed—Fact Case.**

In view of a contemplated exchange of lands between plaintiff and another, deeds by each were placed in the hands of a land agent, plaintiff reserving the right to satisfy himself as to the other's title before consummating the trade. The agent delivered plaintiff's deed without his consent and the grantee had it recorded and executed a deed of trust to the property to secure a note for money borrowed thereon from parties who had no notice, actual or constructive, of want of the grantor's consent to the delivery. Held, that the title still remained in plaintiff and he could enjoin a sale under the deed of trust.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*G. H. Pendarvis,* for appellant.—The court erred in not finding that this defendant was entitled to protection as an innocent mortgagee, in good faith, of the property in controversy. If Hanna was not authorized to deliver the deed to Sullivan, his action in so doing was fraudulent. When one of two innocent persons must suffer a loss through the fraudulent act of a third, that one of the two who puts it in the power of the third to perpetrate the fraud must bear the loss. Steffian v. Milmo Nat. Bank, 69 Texas, 513; Link v. Page, 72 Texas, 592; Rhodes v. Gardiner, 30 Me., 110; Blight v. Schenck, 10 Penn. St., 285, 51 Am. Dec., 478; Garagan v. Bryant, 83 Ill., 376; O'Rourke v. Wahl, 109 Fed. Rep., 276.

*Brashear & Dannenbaum* and *J. B. Dibrell, Jr.,* for appellee.—The delivery of a deed by one holding it in escrow, in violation of the conditions of the escrow, does not pass title even to an innocent purchaser. Steffian v. Milmo Nat. Bank, 69 Texas, 513-518; Martindale on Conveyancing, pars. 206, 226; 2 Wash. on Real Prop., pp. 614-615; Fisher v. Beckwith, 30 Wis., 55; Abbott v. Alsdorf, 19 Mich., 158; People v. Bostwick, 32 N. Y., 450; Ober v. Pendleton, 30 Ark., 61; Quick v. Milligan, 108 Ind., 419.

GILL, ASSOCIATE JUSTICE.—This action was brought by D. P. Hubbard against the Houston Land & Trust Company and P. B. Timpson, trustee, to enjoin the sale of certain lands under a deed of trust.

The controversy arose out of the following facts. Hubbard was the owner of certain lots in the city of Houston which he undertook to exchange for other lands controlled by J. M. Sullivan. The negotiations resulted in a bargain between these two whereby Sullivan undertook to convey to Hubbard certain lands in exchange for that owned by Hubbard, the latter to pay an additional consideration in cash and a note covering a deferred payment. In pursuance of this arrangement Sullivan executed his deed to Hubbard and placed it in the hands of one S. D. Hanna, a real estate agent, to be delivered when Hubbard was satisfied with the title and performed his part of the contract. As a matter of fact the land which Sullivan undertook to convey did not belong to him but to one Breaker, Sullivan intending in consummation of the trade and the perfection of the title to secure a deed from Breaker paying for it with the money to be received from Hubbard. The latter refused to consummate the trade until satisfied with Sullivan's title. After some delay and misunderstanding Hubbard prepared and signed a deed of conveyance to Sullivan and placed it in the hands of said Hanna.

The evidence justifies the conclusion that Hubbard did not authorize S. D. Hanna to deliver this deed to Sullivan, but reserved the right to satisfy himself as to the title before consummating the deal by delivery of the deed. The evidence, however, is conflicting upon the point. Hanna, according to his testimony, satisfied himself as to the title of the land to be conveyed by Sullivan and testified that thereupon, by Hubbard's authority, he delivered to him Hubbard's deed which was promptly placed of record. At that time Sullivan had no title nor did the cash and note to be delivered by Hubbard accompany the delivery of the deed. Sullivan promptly borrowed of the appellant, Houston Land & Trust Company, $500, and to secure its payment executed a deed of trust on the Hubbard land. The record title thus appeared to be in Sullivan, and appellant had no notice, either actual or constructive, of Hubbard's claim. When the note fell due, Timpson, the trustee, advertised the land for sale. Hubbard then brought this suit as above indicated and sought also to clear his title generally from the cloud created by the transaction.

The trustee Timpson disclaimed and submitted himself to the judgment of the court. Appellant pleaded its want of notice, made Sullivan a party and prayed for judgment against him and foreclosure of the lien as to all concerned.

The court trying the cause without a jury gave Hubbard his judgment as prayed for, thereby upholding his statement of the lack of authority in Hanna to deliver the deed. The main point of conflict was thus determined in favor of Hubbard.

Appellant assails the judgment as unsupported by the facts, but the assignments addressed to this issue have already been determined by our statement of the facts as set out above. The purposes of this opinion do not require a more detailed history of the transaction.

The second assignment is that the court erred in not finding the appellant was entitled to protection as an innocent mortgagee. This assignment must also be overruled. In order to render a deed effective it must be delivered into the control of the grantee with the intent of the grantor that it shall become operative as a conveyance. Steffian v. Bank, 69 Texas, 518; Link v. Page, 72 Texas, 592; Washburn on Real Prop., vol. 3, p. 323. A deed delivered without the consent of the grantor has no more effect to pass title than if it were a forgery, or had been stolen. Those claiming as innocent purchasers under such an instrument can hold only by estoppel based upon a showing that the grantor was guilty of negligence which brought about the unauthorized delivery. Steffian v. Bank, supra; Link v. Page, supra; Hussey v. Moser, 70 Texas, 42.

We are not authorized under the facts of this case to say that such an estoppel has been shown.

The judgment is affirmed.                 *Affirmed.*