FRANKLIN, Respondent, vs. KILLILEA, Administrator, and another, imp., Appellants.

*October 7—October 24, 1905.*

*Claims against decedent: Presentation: Mortgages: Release fraudulently obtained: After-accrued claim: Evidence: Witnesses: Transactions with person since deceased: Escrow: Validity: Wrongful delivery by depositary: Fraudulent record of release of mortgage: Innocent purchaser.*

1. Where no claim upon a note is filed against the estate of the deceased maker within the time limited for that purpose by the court, all recovery thereon against said estate is barred by sec. 3844, Stats. 1898.

2. The fact, appearing in an action to foreclose a mortgage, that the mortgagor, prior to her death, had fraudulently obtained and recorded a release of the mortgage, did not warrant a judgment against the administrator of the deceased mortgagor for the amount due on the secured note, where no claim on such note had been filed against her estate within the time limited for that purpose. The fraud, in such case, would not constitute a basis for a right to recover the amount of the debt which could be filed as a subsequently accruing claim against the estate under sec. 3860, Stats. 1898.

3. A loan agent to whom a mortgagee had intrusted a release of the mortgage, to be delivered only upon full payment of the

debt, and from whom the mortgagor by fraud obtained such release, is not incompetent under sec. 4069, Stats. 1898, to testify, in an action to foreclose the mortgage, to personal transactions and communications with said mortgagor, since deceased, regarding the delivery of the release, such agent not being a party to the action nor a person from, through, or under whom either party derives his interest or title or sustains any liability.

4. In an action to foreclose a mortgage a finding that the mortgagor unlawfully and without payment of the mortgage debt obtained possession of a release of the mortgage which had been deposited by the mortgagee with a loan agent, and recorded the same for the fraudulent purpose of discharging plaintiff's mortgage lien, is *held* to be sustained by the evidence.

5. To constitute a valid deposit of the release in escrow upon condition that it be delivered only when the mortgage note should be paid in full, it was not necessary that the mortgagee part with all control over the instrument for all time. It was sufficient that he parted with control at the time he deposited it, so that his right of possession could only be restored upon nonperformance of the condition.

6. Where in such case there was no negligence in the selection of the depositary, his delivery of the release contrary to the condition of the deposit did not give it any force or legal existence and, though recorded, it was no protection to subsequent innocent purchasers of the land for value.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed in part.*

This is an action for the foreclosure of a mortgage and the sale of the premises for the payment of a balance of $1,090 due on a note, with the interest thereon and the costs of this action, which at the time of the entry of judgment, November 26, 1904, aggregated the sum of $1,580.16. Upon the trial the following material facts were shown by the evidence and found by the court:

On November 25, 1891, Thomas Hanlin and Margaret Hanlin, his wife, gave their promissory note to Clinton H. Walworth, or order, for the sum of $7,000, due on or before five years after date, with interest at five per cent. payable

semiannually.  The note provided that the makers might pay
$100 or more at any time they elected.  As security for the
payment of this note the Hanlins executed a mortgage on real
estate owned by them, which was recorded in the office of the
register of deeds for Milwaukee county.  On June 14, 1894,
all the interest then due on the note and all the principal ex-
cepting $1,090 was paid.  On April 30, 1895, Clinton H.
Walworth sold the note to John H. Franklin of Newark,.
Ohio, and transferred it by the following indorsement:

"Pay to the order of John H. Franklin.  Notice of non-
payment and protest waived.  CLINTON H. WALWORTH."

The mortgage was never formally assigned.  *Elizabeth S.
Franklin* became the owner of this note and the mortgage
under the will of her deceased husband.  No assignment of
the mortgage was ever recorded in the office of the register of
deeds.

Thomas Hanlin died before the year 1895, and his wife
became the sole owner of the lands covered by the mortgage.
In the latter part of the year 1895 Margaret Hanlin desired
to pay the balance of this note, then not due.  One T. W.
Byrnes, a real-estate and loan agent residing in the city of
Milwaukee, had acted for Clinton H. Walworth in collecting
the money due on the note.  At the request of Mrs. Hanlin,.
T. W. Byrnes in the latter part of 1895 but before November
25th corresponded with John H. Franklin, informing him
that Mrs. Hanlin wished to pay the note in full.  Mr. Frank-
lin consented to receive payment, and forwarded the note and
mortgage to the First National Bank of Milwaukee with di-
rections to receive payment of the amount due on November
25, 1895, and upon payment to surrender the papers as fully
paid.  He also on October 28, 1895, communicated by letter
with Mr. Walworth, informing him of the intended payment
by Mrs. Hanlin, and suggesting that, if necessary, a release
showing payment of the mortgage could probably be indorsed
on the back of the mortgage in the blank over Mr. Walworth's

signature, which he had appended at the time of its transfer. Mr. Walworth, who resided in Florida during the cold season, after receiving the letter from Mr. Franklin on November 9, 1895, executed a release, acknowledging full payment of the mortgage, and deposited it with T. W. Byrnes, upon the express condition and agreement with him that Byrnes should hold the release and not deliver the same until the note and mortgage and the interest due thereon had been fully paid. Margaret Hanlin omitted to pay the note on November 25, 1895, as she had contemplated, and on account of this nonpayment the note and mortgage were returned to Franklin's bank by the First National Bank of Milwaukee. John H. Franklin and this plaintiff were never informed that Clinton H. Walworth had executed a release of this mortgage and that he had placed it in the hands of T. W. Byrnes, to be by him delivered to Mrs. Hanlin when the note and mortgage were fully paid. John H. Franklin died at Newark, Ohio, February 18, 1896.

Clinton H. Walworth returned to Milwaukee in May, 1896, and as soon as he learned from Mr. Byrnes that the note and mortgage had not been paid as contemplated he demanded the return of the release which he had executed and left with Byrnes, but Byrnes informed him that he was unable to find it because he (Byrnes) had misplaced it. Walworth at different times during the summer season demanded return of the release from Byrnes, and was informed by Byrnes that he was unable to do so on account of his inability to find it. The court found:

"(12) That the said Margaret Hanlin, by deceit and in defraud of the rights of this plaintiff, and without the authority, knowledge, or consent of this plaintiff, . . . and without paying said note and mortgage, unlawfully obtained possession of said purported release . . . from said T. W. Byrnes on or prior to the 3d day of February, 1897, and unlawfully delivered the same to the register of deeds of Milwaukee county, Wisconsin, for record, and unlawfully caused

the same to be recorded . . . on the 3d day of February, 1897, . . . without the knowledge, authority, or consent of the plaintiff . . . ."

At the time of the maturity of the note, November, 1896, T. W. Byrnes, at the request of Mrs. Hanlin, obtained an ·extension of the time of payment of the debt for one year, and payment was thus extended by the plaintiff from year to year at the request of T. W. Byrnes, until two years after the death of Mrs. Hanlin, which took place in January, 1899. T. W. Byrnes paid all the instalments of interest to May, 1902, out of money received by him from Mrs. Hanlin. Mrs. Hanlin never paid the balance of $1,090, the principal, and the interest due thereon, after the execution and deposit of the release by Clinton H. Walworth with T. W. Byrnes, and this balance of the principal of the note, with the interest thereon from May 25, 1902, was due plaintiff at the time of the trial of this action.

The defendant *Henry J. Killilea* was appointed administrator of the estate of Margaret Hanlin, deceased, and is now acting as such administrator and has charge of the estate. The time for filing claims against the estate of Mrs. Hanlin was duly fixed by order of the court and expired on the first Tuesday of March, 1902. Plaintiff did not file a claim ·against the estate ·for the amount due on the note in question. It also appears that Mrs. Hanlin conveyed the lots covered by the mortgage—lot 13 to her daughter Alice Foley in May, 1896, and lot 14 to her daughter Mary Jane Hayes in January, 1898,—and that these grantees have conveyed the titles so acquired from their mother by various mortgages for a valuable consideration to various parties, who have received the titles without notice of an assignment of the mortgage by Walworth to Franklin and without notice of any fraud as to the release in question. The title and interests so conveyed by them are held and owned by the other defendants to this action as assignees of the mortgage interests and as grantees of the remaining equities.

The appellant *Albert Gibbs* requested the court to find that plaintiff or John H. Franklin authorized Clinton H. Walworth to execute and deliver a satisfaction of the mortgage; that plaintiff had notice of the fact of the death of Mrs. Hanlin prior to the payments of interest and the extension for the payment of the debt, which were granted after Mrs. Hanlin's decease; that this appellant is a subsequent purchaser of a part of the premises for a valuable consideration and without notice that Walworth had assigned the mortgage; that he relied on the release as recorded as good and valid; and that Clinton H. Walworth retained direction and control over the release left in the hands of T. W. Byrnes. It appears that this appellant is the assignee of a mortgage securing the payment of $3,500, transferred to him by Henry Herman and given by Alice Foley and husband in February 1897, after the release executed by Walworth had been recorded. These requests for findings were refused by the court, and exception is alleged to such refusal.

The court held upon these facts that there is due the plaintiff the sum of $1,090, the balance of the note, with interest from May 25, 1902; that the release was deposited with T. W. Byrnes by Clinton H. Walworth upon condition that it should not be delivered as a satisfaction of the mortgage until after this note, with interest, had been fully paid; that its delivery by Byrnes to Mrs. Hanlin, or any one for her, and the recording thereof, was a fraud on the plaintiff; that there never was a valid delivery of the release, and that it is not a valid and binding instrument as between the parties, and that its execution and the recording of it in the register of deeds' office afford no protection to subsequent purchasers for a valuable consideration; and that the estate of Mrs. Hanlin is liable for plaintiff's claim on the note—and the court awarded judgment accordingly.

This is an appeal from the judgment by the administrator of the estate of Margaret Hanlin, deceased, and by *Albert Gibbs,* as assignee of one of the subsequent mortgages.

*Adolph Huebschmann,* for the appellant *Killilea* as administrator.

For the appellant *Gibbs* there was a brief by *Markham, Hamilton & Markham,* and oral argument by *Tallmadge Hamilton.*

*E. M. McVicker,* for the respondent.

SIEBECKER, J. The court awarded judgment for the full amount due on the note against *Henry J. Killilea,* as administrator of the estate of Margaret Hanlin, deceased. It is without dispute that administration of decedent's estate was properly instituted, and that the time limited by order of the court for presenting claims against the estate expired the second Tuesday of March, 1902. This limit of time for the filing of claims against the estate was not extended by the court. The plaintiff filed no claim against the estate on the note in question. It has been repeatedly held that all claims against estates must be made and exhibited to the court within the time limited by the court, and under sec. 3844, Stats. 1898, a person failing to so present a claim is to be "forever barred from recovering such demand or setting off the same in any action whatever." *Carpenter v. Murphey,* 57 Wis. 541, 15 N. W. 798; *Winter v. Winter,* 101 Wis. 494, 77 N. W. 883; *Pereles v. Leiser,* 119 Wis. 347, 96 N. W. 799. Such a bar is as effectual as a payment. It cuts off any remedy for its enforcement, and extinguishes the right of action on a claim which might have been presented against the estate. *Eingartner v. Illinois S. Co.* 103 Wis. 373, 79 N. W. 433. The time for exhibiting a claim against an estate, to fix personal liability on a note, comes within the provisions of this section.

It is asserted that this is an after-accrued claim, and that it could therefore be presented within one year after it accrued, under sec. 3860, Stats. 1898. How this claim can be treated as having accrued after the time limited for creditors to pre-

sent claims against the estate is not suggested. The note became due in November, 1896. Payment of it under the most favorable view of the evidence was not extended beyond November, 1899, while the time for presenting claims against the estate of the maker did not expire until March, 1902, leaving a period of over a year wherein it could have been presented against the estate before the time for presenting it expired.

Some claim is made that, if the deceased was guilty of a fraud by wrongfully obtaining and recording the release, a recovery of the amount of this debt could be based on this fraud. It is perfectly obvious that the claim upon which recovery is based is the debt evidenced by the note and mortgage, and that the alleged fraudulent conduct of the debtor in securing the release is only involved as showing that the mortgage given to secure the payment of the debt is still a valid and subsisting lien on which plaintiff can rely to enforce payment of her claim. Under these circumstances the provisions of sec. 3860, Stats. 1898, can have no application to this case, and the failure to file a claim based on the note against the estate of Margaret Hanlin, deceased, within the time limited by the order of the court, extinguished all right to a claim against the estate of the deceased, and no judgment could properly be rendered against *Henry J. Killilea,* as administrator of her estate. Judgment dismissing the complaint as against the administrator should have been awarded.

It is contended that the evidence of T. W. Byrnes is incompetent under sec. 4069, Stats. 1898, in respect to any personal transactions and communications with Margaret Hanlin, since deceased, regarding the execution and delivery of the release, upon the ground that he is the person through, from, or under whom the parties derived an interest or title to the subject matter of the litigation. He is not a party to the action, nor is he in any sense connected with the subject

of the action as a person from, through, or under whom either party derived any interest or title or sustains any liability. He is a stranger to the action, and bears no such relationship to the cause of action as to bring him within the disqualifying terms of the statute. The court properly received his evidence of the transactions covered by his testimony.

Error is assigned upon the findings of the court to the effect that Byrnes acted for Mrs. Hanlin in securing extensions of time for the payment of the balance on the note and in making interest payments for her, that the release was delivered by Walworth to Byrnes upon condition that it should not be delivered by him until the debt evidenced by the note and mortgage was paid in full, and that the release was executed and placed in the custody of Byrnes without authority or knowledge thereof by the plaintiff. The evidence bearing on these findings is not involved in any serious conflict, and plainly warrants the inferences given it by the court, and affords no basis for the claim that these findings are against the clear preponderance of the evidence.

It is also strenuously insisted that the evidence produced is not sufficient to clearly establish the invalidity of the release. In support of this contention it is claimed that the evidence of Byrnes is substantially the only proof on the subject and that he is discredited by his misconduct and the facts and circumstances of the case. True, this witness is not free from criticism in his dealings with the deceased and the breach of confidence as custodian of the release. His evidence of the transaction is, however, strongly corroborated by direct testimony and by circumstantial evidence bearing on the transactions involved. It clearly appears that plaintiff and her husband in his lifetime did not know that a release had been executed and delivered to Byrnes upon the condition specified, and the proof is without dispute that Walworth executed and delivered it to Byrnes without authority from Franklin. The facts that the release was put on record

and that Mrs. Hanlin's daughter, immediately after it was recorded, mortgaged the premises, and that Mrs. Hanlin had abundant means which she could readily apply to the payment of the note, are all in corroboration of Byrnes's version of the transactions and his dealings with Mrs. Hanlin and of the delivery of the release at her request upon the promise that she would soon pay the note in full out of other funds available to her. Under this state of the facts the court would not be justified in disregarding his evidence. The finding that the release was obtained from Byrnes and recorded without payment of the debt and for the fraudulent purpose of discharging plaintiff's mortgage lien on this property is abundantly supported by clear and convincing proof. It must stand as a fact in the case.·

It is urged that the judgment is contrary to the law of the case, upon the ground that the proof does not show that Walworth parted with the possession of the document and all right and authority to control it forever. To constitute a valid deposit of the release with Byrnes, upon the condition that he deliver it when the note was paid in full, it was not required that Walworth should then part with all control over the document for all time. The essential requirement is that he who makes the deposit

"part with all *present* or temporary right of possession and control, until the happening of some future event or the performance of some future condition, upon the happening or· not happening or performance or nonperformance of which his right of possession may return and his dominion and power over [it] be restored, in which case the delivery is said to be contingent or conditional. An essential characteristic and indispensable feature of every delivery, whether absolute or conditional, is that there must be a parting with the possession of the power and control over the [paper] by the grantor for the benefit of the grantee, *at the time of delivery*," *Prutsman v. Baker,* 30 Wis. 644.

We think the evidence sustains the conclusion that Walworth parted with the power and control of the release at the

time he delivered it to Byrnes, and his right of possession could only be restored upon the nonperformance of the condition of the deposit. It is clear that the paper was delivered by Byrnes contrary to the condition of the deposit, and it therefore never had any force or effect, and "no right under the same . . . [could] be acquired by any one, however innocent, or for value, unless the signer's conduct . . . [was] so characterized by negligence as to estop him against an innocent holder from denying responsibility upon the paper." *Rehbein v. Rahr,* 109 Wis. 136, 85 N. W. 315. There is nothing in the evidence characterizing Mr. Walworth's acts as negligent in selecting the custodian. *Walker v. Ebert,* 29 Wis. 194. Since Walworth is free from fault in selecting Byrnes as custodian, the fact that the custodian subsequently acted fraudulently in disregarding his obligations can in no way affect the original conditions upon which he received the paper. *Rehbein v. Rahr, supra; Beloit & M. R. Co. v. Palmer,* 19 Wis. 574. From the foregoing it results that the release obtained no legal existence, and the recording of it is no more a legal protection to subsequent innocent purchasers for value than the recording of any paper that has never come into legal existence.

*By the Court.*—The judgment is reversed on the appeal of *Henry J. Killilea,* as administrator of the estate of Margaret Hanlin, deceased, as to that part which awards judgment for the recovery of the sum of $1,580.16 against him as such administrator, and affirmed on the appeal of *Albert Gibbs* in all other respects, and the cause is remanded for further proceedings according to law.